## 47722. CAIN v. THE STATE.

BELL, Chief Judge. This case appeals an order denying a motion to suppress evidence obtained by an alleged illegal search warrant. The affidavit for the warrant stated in substance that: Affiant at 10:30 a. m., 3-10-72 received information that marijuana, LSD, and other

drugs were being kept in Apartment No. 26A Haynes Apts. occupied by Harry David Cain; that this information was received from a reliable informer who had furnished information in the past 5 months which had resulted in the arrest of a drug violator; that the informer stated that Cain was bringing it to and keeping it at his apartment and at Linda Carter's address at 212 Tennessee Ave., Warner Robins, Ga.; that Linda's address was searched on this information at around noon 3-10-72 and contraband was seized. *Held:*

Where the hearsay of an informer is relied upon the affidavit must meet two tests: (1) The reasons for the informer's reliability must be furnished and (2) it must either state how the informer obtained the information or the tip must describe the criminal activity in such detail that the magistrate may know it is more than a casual rumor circulating in the underworld or an accusation based merely on the individual's general reputation. *Sams v. State,* 121 Ga. App. 46 (172 SE2d 473). While the affidavit is sufficient as to reliability, it is deficient as to the second test. The tip from the informer does not contain a sufficient statement of the underlying circumstances from which the informer concluded that the defendant was in possession of drugs. The affidavit does not reveal how the informant received his information, whether by personal observation that the defendant placed drugs in his apartment or that the informant came by the information from other sources and in that event whether his sources were reliable. The fact that Linda Carter's address was searched prior to the defendant's premises does not furnish anything to satisfy the deficiency as this goes only to the question of the informant's credibility. Also, the affidavit fails to describe the alleged criminal activity in any detail whatsoever. Thus the warrant was issued without the

necessary showing of probable cause and it was error for the trial court to deny the motion to suppress.

*Judgment reversed. Deen and Quillian, JJ., concur.*

SUBMITTED JANUARY 2, 1973 — DECIDED FEBRUARY 12, 1973.

*John P. Nixon,* for appellant.

*R. Joneal Lee, District Attorney,* for appellee.