## 49797. THE STATE v. PERRY.

QUILLIAN, Judge.

The defendant was charged with possession of marijuana. Her motion to suppress evidence illegally seized was sustained. The state under the provisions of Code Ann. § 6-1001a (Ga. L. 1973, pp. 297, 298) has appealed to this court.

The evidence adduced at the hearing showed that on March 20, 1974, Lt. Morris, a narcotics detective of three years experience, received a call from an informer who indicated that Eloise Perry, also known as "Madam Go-Along," had marijuana in her car. The informer was personally known to Lt. Morris, who on this occasion recognized him by his voice. The informer had given information on four previous occasions and on each occasion it had been reliable information which led to the seizure of illegal drugs. On two of these four previous occasions the informer had furnished information about the particular defendant in the instant appeal, Eloise Perry, and each time the information had proved correct.

The informer told Lt. Morris that the defendant was parked in her white Cadillac in the 300 block of Highland Avenue in front of Mack's Restaurant, that there was a black male with her in the car, and that she had some marijuana in the car with her. The informer did not state how he obtained his information.

After receiving the call Lt. Morris summoned Sgt. Jerry Derrick to assist him and they proceeded to the 300 block of Highland in a black and white, marked police car. When they arrived they confirmed portions of the informer's tip in that the white Cadillac was in the 300 block of Highland across from Mack's Restaurant, that a black male was in the car, and so was the defendant.

The police car stopped behind the Cadillac; the two officers got out and walked on either side of the car. When the defendant saw the officers, who identified themselves, she attempted to hide an orange bag under her dress. Seeing this, Lt. Morris ordered her out of the car and told her she was under arrest. The defendant got out and the orange bag dropped to the ground where it was picked up and its contents were identified as marijuana.

Lt. Morris also noticed an opaque manila envelope in the defendant's shirt pocket which was of the same type used by the defendant to package marijuana on previous occasions. This package and another were found on the defendant when she was searched at the jail. Both contained marijuana. *Held:*

1. Although in the case sub judice there was no warrant (and thus no affidavit) the Supreme Court has held with regard to a warrantless arrest and search, "the standards applicable to the factual basis supporting the officer's probable-cause assessment at the time of the challenged arrest and search are at least as stringent as the standards applied with respect to the magistrate's assessment." Whiteley v. Warden, 401 U. S. 560, 566 (91 SC 1031, 28 LE2d 306). Accord, McCray v. Illinois, 386 U. S. 300, 304 (87 SC 1056, 18 LE2d 62); Recznik v. City of Lorain, 393 U. S. 166 (89 SC 342, 21 LE2d 317); *Peters v. State,* 114 Ga. App. 595 (152 SE2d 647).

2. "Where the hearsay of an informer is relied upon the affidavit must meet two tests: (1) The reasons for the informer's reliability must be furnished and (2) it must either state how the informer obtained the information or the tip must describe the criminal activity in such detail that the magistrate may know it is more than a casual rumor circulating in the underworld or an accusation based merely on the individual's general reputation." *Cain v. State,* 128 Ga. App. 146, 147 (195 SE2d 797). Accord, *Moreland v. State,* 132 Ga. App. 420, 421 (208 SE2d 193).

Here, while there was ample evidence of the informant's reliability, the second test was not met since the information available to the officer did not reveal how the informant received his information, whether by personal observation or from other sources and in that event whether such sources were reliable. *Cain v. State,* 128 Ga. App. 146, supra.

3. As was pointed out in Whiteley v. Warden, 401 U. S. 560, 567, supra, "where the initial impetus for an arrest is an informer's tip, information gathered by the arresting officers can be used to sustain a finding of probable cause for an arrest that could not adequately be supported by the tip alone . . . But the additional information acquired

by the arresting officers must in some sense be corroborative of the informer's tip that the arrestees committed the felony or, . . . were in the process of committing the felony."

In this case the additional information, while corroborative of the location of the defendant and her car, did not support the assertion of criminal activity.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED OCTOBER 7, 1974 — DECIDED FEBRUARY 7, 1975 — REHEARING DENIED MARCH 18, 1975 — ■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■

*William S. Lee, District Attorney, Daniel Mac-Dougald, III, Assistant District Attorney,* for appellant.

*Greenholtz & Hind, H. T. Greenholtz, Jr.,* for appellee.