## 29977. THE STATE v. PERRY.

JORDAN, Justice.

Certiorari was granted to review the decision of the Court of Appeals affirming the trial judge's suppression of evidence obtained from the accused in a search accompanying a warrantless arrest. *State v. Perry,* 134 Ga. App. 313 (214 SE2d 377).

The pertinent evidence at the hearing on the legality of the arrest and search was as follows:

Lt. Morris of the Albany Police Department, a narcotics agent for approximately three years, testified: He received a telephone call from a reliable, confidential informant, who stated that a black female, known to the informant as Madam Go-Along, was parked in the 300 block of Highland Avenue, and had a quantity of marijuana in the automobile. He asked the informant if he was talking about Eloise Perry in the white Cadillac, and the informant replied in the affirmative. The informant stated that there was a black male in the automobile. He knew the informant, had talked with him on many occasions, and recognized his voice. The informant had given reliable information on four

previous occasions, which had resulted in the confiscation of illegal drugs and narcotics; he had furnished information on Eloise Perry on two prior occasions, which resulted in the confiscation of marijuana from her. After receiving the call from the informant he immediately went to the location given. He called for Sgt. Derrick to meet him, and he transferred to the patrol car with Sgt. Derrick. They went to the location stated by the informant and stopped at the rear of the white Cadillac. Eloise Perry was sitting in the right front seat with her back against the door. A black man was sitting in the rear of the automobile. He walked up and identified himself as a police officer. Sgt. Derrick went to the other side of the automobile. Almost instantly Eloise Perry started pushing an orange knit sack under her dress or skirt. He had arrested her previously and knew her by sight. He told her to get out, that she was under arrest. After she got out, the orange bag fell from her skirt, and Sgt. Derrick retrieved it. This bag contained marijuana. She had a manila envelope in her blouse pocket, which he observed when she got out of the car. He thought this contained marijuana because he had previously seen it packaged in this way. This envelope was removed from her pocket at the police station, and it was found to contain marijuana.

The Court of Appeals in the first division of its opinion quoted from Whiteley v. Warden, 401 U. S. 560, 566 (91 SC 1031, 28 LE2d 306), as follows: "the standards applicable to the factual basis supporting the officer's probable-cause assessment at the time of the challenged arrest and search are at least as stringent as the standards applied with respect to the magistrate's assessment."

Applying the test applicable as to the sufficiency of an affidavit to obtain a search warrant, the Court of Appeals in the second division held that where hearsay information from an informer is relied on, it must meet two tests: (1) The reasons to support the conclusion that the informer was reliable must be furnished, and (2) it must be revealed how the informer obtained the information, or the informer must describe the criminal activity in such detail that it may be known that the information is more than a casual rumor circulating in the underworld or an

accusation based merely on the individual's general reputation. See Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637).

The Court of Appeals in the Third Division further recognized the principle enunciated in Whiteley v. Warden, 401 U. S. 560, 567, supra, that "where the initial impetus for an arrest is an informer's tip, information gathered by the arresting officers can be used to sustain a finding of probable cause for an arrest that could not adequately be supported by the tip alone . . . But the additional information acquired by the arresting officers must in some sense be corroborative of the informer's tip that the arrestees committed the felony or . . . were in the process of committing the felony."

The state in its application for certiorari agrees that the Court of Appeals set out correct rules for the decision of the case, but contends that it was error to hold that the factual situation of the present case did not show probable cause for the warrantless arrest and search.

There was ample evidence of the informant's reliability. The informant described the exact position of the automobile of the accused, and stated that she and a black man were in the automobile. Lt. Morris knew her by sight and thus verified the informant's tip that she was sitting in the white Cadillac. He observed a black man in the automobile. Under these circumstances it could reasonably be inferred that the informant had gained his information in a reliable way.

Lt. Morris knew from his own experience that the accused had previously possessed marijuana. This was knowledge on which he could properly rely in assessing the reliability of his informant's tip. Brinegar v. United States, 388 U. S. 160 (69 SC 1302, 93 LE 1879); Jones v. United States, 362 U. S. 257 (80 SC 725, 4 LE2d 697, 78 ALR2d 233); United States v. Harris, 403 U. S. 573 (91 SC 2075, 29 LE2d 723).

When the officers approached the defendant's automobile and she became aware of their presence and that they were police officers, she hastily secreted a bag under her clothing. This furtive act gave further verification of the informant's tip.

Under the factual situation of the present case, the

Court of Appeals erred in holding that there was not sufficient probable cause for the warrantless arrest. Since the arrest was authorized, the seizure of the evidence was not illegal. Compare Draper v. United States, 358 U. S. 307 (79 SC 329, 3 LE2d 327); *Johnson v. State,* 230 Ga. 196, 198 (196 SE2d 385).

The Court of Appeals erred in affirming the trial judge's suppression of the evidence.

*Judgment reversed. All the Justices concur, except Gunter, J., who dissents.*

ARGUED JUNE 9, 1975 — DECIDED SEPTEMBER 2, 1975.

*William S. Lee, District Attorney, Dan MacDougald, III, Assistant District Attorney,* for appellant.
*Herb Greenholtz,* for appellee.