## 50661. MITCHELL v. THE STATE.

CLARK, Judge.

Defendant was charged in separate indictments with the unlawful possession of heroin and with possession with intent to distribute heroin. A suppression hearing conducted to determine the validity of the search and resulting seizure of the contraband was decided adversely to defendant. Her jury trial resulted in a conviction of possession with intent to distribute the controlled substance. From the court's judgment entered upon the verdict, appeal is brought to this court.

The affidavit upon which probable cause for the issuance of the search warrant was based reads as follows: "On 9-7-74 I received information from a confidential and reliable informant whose information has proven reliable in the past in that it has led to the arrest of several persons for drug violations, the last being M. Boyd on 3-7-74. The informant stated that a BF [black female] would arrive at

the Marriott Hotel at appx. 10:00 a.m. dressed in a tan outfit carrying a large handbag and a suitcase, and would register under the name of Mitchell, and would have in her possession a quantity of heroin and cocaine. On 9-7-74 the Marriott Motor Hotel was placed under surveillance, and the above described subject did appear and check into room No. 236 under the name of C. Mitchell. Based on the reliability of the informant, I believe there is now being stored and concealed under the control of C. Mitchell, heroin and cocaine."

Defendant concedes that the reliability of the unnamed informant was sufficiently shown and therefore that the first requirement of the two-pronged test established in Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) was satisfied. It is contended, however, that the affidavit fails to satisfy Aguilar's second requirement, which our courts have stated thusly: "that the affidavit either specifically states how the informer obtained the information *or* the tip describes the criminal activity in such detail that the magistrate may know it is more than a 'casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation.' " *Sams v. State,* 121 Ga. App. 46 (172 SE2d 473).

The affidavit does not state how the informant obtained knowledge of defendant's possession of drugs. While the state claims that the informant told the affiant police officer how he learned of the drug possession, it is undisputed that this information was not communicated to the issuing magistrate. The Fourth Amendment requires, however, that the probable cause determination for the issuance of a warrant be made "by a neutral and detached magistrate instead of . . . the officer engaged in the often competitive enterprise of ferreting out crime." Johnson v. United States, 333 U. S. 10, 14 (68 SC 367, 92 LE 436). "It is elementary that in passing on the validity of a warrant, the reviewing court may consider *only* information brought to the magistrate's attention. [Cits.]" Aguilar v. Texas, supra, p. 109, n. 1. Thus, the undisclosed information regarding the source of the informant's knowledge, which was not communicated to the magistrate and which was not testified to at the

suppression hearing, cannot on review serve to sustain the probable cause determination at issue here.

"In the absence of a statement detailing the manner in which the information was gathered, it is especially important that the tip describe the accused's criminal activity in sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." Spinelli v. United States, 393 U. S. 410, 416 (89 SC 584, 21 LE2d 637). The validity of the warrant therefore depends upon whether the tip describes the alleged criminal activity in such detail that the magistrate could reasonably infer that the informant had gained his information in a reliable way.

The information contained in the affidavit indicated that the informant was able to identify defendant and knew of her lodging plans. But aside from the conclusory allegation regarding the object of the search, the magistrate was given no details whatsoever concerning criminal activity.

In determining that hearsay information upon which a warrant is sought is more than a casual rumor or an accusation based on one's reputation, "the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were." Aguilar v. Texas, supra, p. 114. No such information was provided here. Standing alone, the general description and location of the defendant does not support the informant's assertion of unlawful drug possession. The corroboration of the informant's tip that defendant would check into the Marriott with a suitcase and handbag does not reasonably lead to the inference that the informant's knowledge of criminal conduct was acquired in a reliable way.

In reaching our conclusion, we find it necessary to distinguish descriptive details of criminal activity from a mere description of a suspect. Information of the former variety tends to show that the hearsay informant had prior knowledge of the criminal scheme and had obtained his information in a reliable manner. Conversely, the location and description of a suspect, no matter how

detailed, raises no logical inference as to his possible involvement in the commission of crime. Such information may well be predicated upon simple rumor or reputation together with a recent observation of the individual. It contains no underlying circumstances of criminal activity and nothing from which a magistrate might conclude that the informant's knowledge of criminality was reliably obtained. See generally Spinelli v. United States, supra.

The state's reliance upon Draper v. United States, 358 U. S. 307 (79 SC 329, 3 LE2d 327) is misplaced as the information presented here lacks the minute particularity of detail which established probable cause in Draper. There, the informant told the agent on September 3 that Draper was supplying heroin to certain drug addicts in Denver. On September 7, the agent was told that Draper had left for Chicago the previous day, that he would be returning on the morning train of September 8 or 9, and that he would be carrying three ounces of heroin. In contrast, the informant here gave no information concerning the criminal activity — where the drugs had come from, to whom they were being sold, or the amount of heroin and cocaine allegedly being possessed.

Furthermore, the precise description of the clothing which Draper would be wearing upon his return to Denver and the tan zipper bag he would be carrying, which was told to the agent at a time when Draper was in Chicago, strongly indicated that the informant's advance knowledge of the criminal activity was acquired in a reliable manner. Here, the description of the defendant was given only moments before the search and could well have been based upon nothing more than a recent sighting of the defendant by the informant. In the final analysis, the tip given here provides no underlying details of criminality; thus, the magistrate had no way of ascertaining whether it was acquired in a reliable way.

Our Supreme Court's recent decision in *State v. Perry,* 234 Ga. 842,[1] reversing this court's ruling reported

_____

[1] Although both *Perry* and *Draper* involved warrantless searches and seizures, our courts recognize that "the standards applicable to the factual basis

in 134 Ga. App. 313 (214 SE2d 377) does not require a contrary result. In ruling that the hearsay assertions failed to show how the informer obtained the information and failed to describe the criminal activity in sufficient detail, we stated that "the additional information, while corroborative of the location of the defendant and her car, did not support the assertion of criminal activity." *State v. Perry,* 134 Ga. App., supra, p. 315.

The Supreme Court accepted as correct the rules of law set out in this court's decision, but differed with us in holding that probable cause existed under the factual situation of that case. The informant's tip in *Perry,* like the one involved here, consisted primarily of a description of the defendant and her location. Unlike the situation presented here, however, the officers in *Perry* corroborated the informant's assertion of criminal activity by their own observations. One of the officers knew Perry by sight and was aware of her previous involvement in drug use. In addition, the suspect "hastily secreted a bag under her clothing" upon the officers' approach. These factors sufficiently verified the informant's allegation of criminal activity.

Sub judice, the informant's description of defendant was not supplemented by observations indicating that the assertion of criminal activity was reached in a reliable manner. The police were able to confirm only the defendant's description and her arrival at the Marriott.

In its supplemental brief to this court, the state argues that probable cause was supplied by the officers' observations of defendant just prior to the search. After registering at the Marriott, she utilized a public telephone on the street and then returned to the motel. It is argued that the use of the pay phone rather than the hotel phone was suspicious and indicative of a contact for the transfer of the drugs.

---

supporting the officer's probable-cause assessment at the time of the challenged arrest and search are at least as stringent as the standards applied with respect to the magistrate's assessment." Whiteley v. Warden, 401 U. S. 560, 566 (91 SC 1031, 28 LE2d 306), quoted with approval in both *Perry* decisions.

It is not disputed that information gathered by officers can be used to sustain a finding of probable cause for a search that could not adequately be supported by tip alone. "But the additional information acquired by the arresting officers must in some sense be corroborative of the informer's tip that the arrestees committed the felony or . . . were in the process of committing the felony." Whiteley v. Warden, 401 U. S. 560, 567 (91 SC 1031, 28 LE2d 306), cited with approval in *State v. Perry,* 234 Ga. 842, supra. We think it clear that defendant's use of a public telephone does not indicate criminal activity[2] and is not, in any sense, corroborative of the informant's assertion of criminality.

Thus, we conclude that the warrant was issued without probable cause due to the absence of underlying circumstances from which the informant concluded that defendant was possessing narcotics. The details provided to the magistrate were not descriptive of criminal activity and were insufficient to conclude that the informant was relying upon something more substantial than rumor or reputation. The additional observations of the officers consisted of unsuspicious behavior which fell far short of  probable cause standards. The denial of defendant's suppression motion was error, necessitating a reversal of the judgment.

In view of our ruling concerning the illegality of the search and seizure, defendant's remaining enumerations of error need not be considered.

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

ARGUED MAY 8, 1975 — DECIDED OCTOBER 2, 1975.

---

[2] The state's argument does not explain why defendant's use of a public telephone in favor of the hotel phone is suspicious. The defendant's choice may well have been based upon the simple economic consideration that public phones are less expensive. In any event, the state's effort to shroud in a web of mystery the commonplace act of using a telephone must be rejected.

8

*Murray M. Silver, Paul J. Sewell,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys,* for appellee.