51265, 51266. THE STATE v. CLENDININ (two cases).

BELL, Chief Judge.

These are appeals by the state from orders of acquittal entered by the trial court under Code § 27-1901, which requires that action when a defendant is not tried within two terms of court when demand for trial is made and juries are empaneled. *Held:*

Code Ann. § 6-1001 (a) must be construed strictly against the state in allowing appeals under the specific conditions provided by the General Assembly. *State v. Holloman,* 132 Ga. App. 304 (208 SE2d 167). Under the above statute an appeal by the state is authorized from: (a) An order setting aside or dismissing an indictment or information or any count thereof; (b) from an order arresting a judgment of conviction on legal grounds; (c) from an order sustaining a plea or motion in bar, when the defendant has not been put in jeopardy; and (d) from an order sustaining a motion to suppress illegally seized evidence made and ruled upon prior to the empaneling of a jury. An order discharging and acquitting a defendant under Code § 27-1901 does not fall within any of the above appealable judgments. The appeals must be dismissed. *State v. Warren,* 133 Ga. App. 793, 796 (213 SE2d 53).

*Appeals dismissed. Webb and Marshall, JJ., concur.*

SUBMITTED OCTOBER 6, 1975 — DECIDED OCTOBER 23, 1975.

*E. Mullins Whisnant, District Attorney,* for appellant.

*Jay W. Fitt,* for appellees.