## 52805. CROWLEY v. THE STATE.

BELL, Chief Judge.

Defendant was convicted by a jury of offenses in violation of the Georgia Controlled Substances Act and the Georgia Dangerous Drug Act. A motion to suppress the evidence was overruled.

At the hearing on the motion to suppress it was shown by the state that on January 17, 1976, about 8:30 p.m., an officer of the Albany Police Department received

a telephone call from a confidential informant. The informant, who had proven reliable in the past by furnishing information five times in the previous ten months which had led to the confiscation of illegal drugs, stated that within the past hours he had been with the defendant and had seen him with a vial of pills which the defendant said were preludin; and that defendant was en route to "Dan's Bar" to make some drug transactions. The officer was furnished a description of the defendant. The officer accompanied by four others went to "Dan's Bar" where the defendant, matching the furnished description perfectly, was seen and arrested. A search of the defendant's person revealed that he was in possession of a vial of pills in a paper bag. *Held:*

The evidence meets the tests required where an informer's hearsay forms the basis for the warrantless arrest. The reliability of the informant was shown and the evidence established that the informant had obtained his information in a reliable manner by his very recent personal observation of an accurate description of defendant as well as a location where he would be found. These facts gave the arresting officer probable cause to believe the defendant was committing a crime. *State v. Perry*, 234 Ga. 842 (218 SE2d 559); *Cain v. State*, 128 Ga. App. 146 (195 SE2d 797). The arrest and ensuing search were authorized.

*Judgment affirmed. Clark and Stolz, JJ., concur.*

ARGUED OCTOBER 6, 1976 — DECIDED OCTOBER 26, 1976.

*Beauchamp & Hedrick, William H. Hedrick,* for appellant.

*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney,* for appellee.