## 55006. THE STATE v. WATSON.

WEBB, Judge.

Preliminary to trial under an indictment for murder and armed robbery, Roosevelt Watson filed a "motion to suppress defendant's statements" and prayed for a Jackson v. Denno[1] hearing to determine the voluntariness, and admissibility into evidence, of "oral admissions, a written statement and/or tape recordings of a statement made . . . to law enforcement officers while in custody." A hearing thereon beginning August 1, 1977 was held by Judge Walter I. Geer of the Pataula Judicial Circuit, but no ruling on that issue was ever made by him. Trial was set for Monday, August 29 before Judge Leonard J. Farkas of Dougherty Judicial Circuit, Judge Geer having withdrawn because of illness. Before selection of a jury, Watson's "motion to suppress" his statements, as well as his motion for dismissal of the indictment, was renewed before Judge Farkas. After prolix argument by counsel for Watson, but without hearing or receiving any evidence or testimony, the trial judge sustained the motion to suppress. We granted the state's request for an interlocutory appeal from the trial judge's order.

1. There must be an evidentiary hearing for a court to properly determine and decide the question of voluntariness. Both Watson and the state were entitled to a resolution of that evidentiary question, and we fail to see how it could be resolved without receiving evidence or

---

[1] 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

hearing testimony. As was said about Jackson, "[a]t the very least, Townsend v. Sain, 372 U. S. 293 [83 SC 745, 9 LE2d 770] would require a full evidentiary hearing to determine the factual context in which Jackson's confession was given." Jackson v. Denno, 378 U. S. p. 392, supra. There must be "an adequate evidentiary hearing productive of reliable results concerning the voluntariness of his confession." Ibid., p. 394.

We do not hold that the statements were admissible; we do not know either their content or the circumstances under which they were made. Just why Judge Geer failed to give a ruling after conducting a hearing is not known to this court. And why Judge Farkas did rule on the issue without an evidentiary hearing is likewise unknown to us. But Judge Geer did not rule and Judge Farkas did. The voluntariness with which such statements were given was for the trial judge to consider in making his determination as to admissibility, and this he could not properly do without a full evidentiary hearing. The grant of the motion without such hearing was error.

2. Watson argues that the state has no right of appeal from this order, and moves to dismiss the appeal.

Under Chapter 6-10A of the Code an appeal may be taken by the state in criminal cases in four enumerated instances, one of which is: "In the case of motions made and ruled upon prior to the empanelling of a jury, from an order, decision or judgment sustaining a motion to suppress evidence illegally seized." Code Ann. § 6-1001a (d). In allowing appeals under any of the specific provisions of this chapter, the statute must be strictly construed. *State v. Clendinin,* 136 Ga. App. 303 (221 SE2d 71) (1975).

The statute reads *"evidence* illegally *seized."* (Emphasis supplied.) The cases so far presented by appeal under Code Ann. § 6-1001a (d) deal with suppression of "physical property" seized by law enforcement officers. E.g., *State v. Roberts,* 133 Ga. App. 206 (210 SE2d 387) (1974); *State v. Perry,* 134 Ga. App. 313 (214 SE2d 377) (1975), revd., 234 Ga. 842 (218 SE2d 559) (1975); *State v. McCranie,* 137 Ga. App. 369 (223 SE2d 765) (1976).[2]

---

[2] However, in *State v. Keith,* 139 Ga. App. 399 (228

Indeed in one obiter dictum statement evidence was categorized "property." *Jarrell v. State,* 234 Ga. 410, 416 (3) (216 SE2d 258) (1975). The statute, however, does not read "property" but "evidence, and "evidence" is not necessarily physical or externally real. "A confession of guilt, freely and voluntarily made by the accused, is direct evidence of the highest character and sufficient to authorize a conviction when corroborated by proof of the corpus delicti. [Cits.]" *Lowe v. State,* 225 Ga. 56 (165 SE2d 861) (1969); *Fields v. State,* 232 Ga. 723 (2) (208 SE2d 822) (1974).

"Seize" is not a word applied exclusively to something physical or externally real. One may "seize" an idea or a statement from someone else. One may "seize" an opportunity. The word is defined to mean "to possess oneself of" (as seized for the committee the right to report on national finances); "to take or use eagerly or quickly often as a rationalization or last resort" (as seized the opportunity to calculate a number of fresh latitudes); and "to understand fully and distinctly." Webster ( 3rd Ed.). If the alleged oral admissions or written statement were illegally obtained or "seized" from the accused, then his motion was an appropriate vehicle to bring to the trial court for determination the question of admissibility as evidence.

We hold that the state had a right under Code Ann. § 6-1001a (d) to appeal the trial judge's order suppressing as evidence the oral admissions, any written statement, or tape recordings of a statement, made to law enforcement officers while in custody. We reiterate that we are not holding that such statements are in fact admissible as evidence. That is yet for decision by the trial judge after *factual* and *credibility* determinations on the voluntariness of the accused's statements, made only

SE2d 332) (1976); affd. 238 Ga. 157 (231 SE2d 727) (1977), the trial court sustained a motion to suppress the evidence seized during a search when the state refused to reveal the identity of its informer for an in camera inquiry into probable cause for issuance of the search warrant. The state appealed under Code Ann. § 6-1001a (d), but there was no issue made as to its right to appeal.

after an evidentiary hearing. *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1974); *Gibbs v. State,* 235 Ga. 480, 483 (3) (220 SE2d 254) (1975); Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618) (1972).

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

ARGUED NOVEMBER 3, 1977 — DECIDED NOVEMBER 8, 1977.

*John R. Irwin, District Attorney, W. Michael B. Stoddard, Christopher Townley, Assistant District Attorneys,* for appellant.
*Millard C. Farmer, Jr., Tony Axam,* for appellee.