## 54780. THE STATE v. TAYLOR.

SHULMAN, Judge.

This is an appeal from the granting of a motion to suppress. Appellee was arrested on the basis of an informer's tip. The trial court ruled that there was no probable cause for the arrest and search because the informant did not relate how he acquired his information. We affirm.

The arresting officers testified that they received information from a reliable informant, whose previous tips had led to arrests and convictions, that Taylor would be driving an orange Volkswagen, license tag ETN 206, on Crowe Creek Road, transporting a large quantity of marijuana. The officers did find Taylor at the specified location. A subsequent search of his car revealed a

quantity of marijuana.

This case is similar to *Flournoy v. State,* 131 Ga. App. 171 (205 SE2d 473). There, too, the police received a call informing them that the defendant was driving with contraband in the car. "An arrest and search based only on information from a 'reliable informer,' no facts being given to support this conclusion, and there being neither probable cause for arrest nor any warrant, is insufficient to allow the admission of contraband discovered as the result of such search. [Cits.]"

"The requirements of *particularity of the information* on which an officer must act without a warrant 'cannot be less stringent than where an arrest warrant is obtained.' Wong Sun v. United States, 371 U. S. 471, 479-480 (83 SC 407, 9 LE2d 441)." *Peters v. State,* 114 Ga. App. 595, 597 (152 SE2d 647).

"Where the hearsay of an informer is relied upon the affidavit must meet two tests: (1) The reasons for the informer's reliability must be furnished and (2) it must either state how the informant obtained the information or the tip must describe the criminal activity in such detail that the magistrate may know it is more than a casual rumor circulating in the underworld or an accusation based merely on the individual's general reputation. [Cit.]" *Cain v. State,* 128 Ga. App. 146, 147 (195 SE2d 797).

Here, the tip is deficient. It does not state how the information was obtained. While the tip does describe the appellee, his car and his location, it does not provide any details of the *criminal activity.*

"In reaching our conclusion, we find it necessary to distinguish descriptive details of criminal activity from a mere description of a suspect. Information of the former variety tends to show that the hearsay informant had prior knowledge of the criminal scheme and had obtained his information in a reliable manner. Conversely, the location and description of a suspect, no matter how detailed, raises no logical inference as to his possible involvement in the commission of crime. Such information may well be predicated upon simple rumor or reputation together with a recent observation of the individual. It contains no underlying circumstances of

criminal activity and nothing from which a magistrate might conclude that the informant's knowledge of criminality was reliably obtained. See generally Spinelli v. United States, [393 U. S. 410 (89 SC 584, 21 LE2d 637)]." *Mitchell v. State,* 136 Ga. App. 2, 4 (220 SE2d 34).

*State v. Perry,* 234 Ga. 842 (218 SE2d 559), does not require a different result for the reasons stated in *Mitchell v. State,* supra, p. 6.

We hold, therefore, that there did not exist sufficient probable cause for the arrest of Taylor and the subsequent search. The trial court was correct in granting the motion to suppress.

*Judgment affirmed. Bell, C. J., and Banke, J., concur.*

ARGUED NOVEMBER 8, 1977 — DECIDED DECEMBER 5, 1977.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellant.
*C. Lloyd Clay,* for appellee.