## 56687. THE STATE v. EVANS.

McMURRAY, Judge.

This is an appeal by the state from the granting of a motion to suppress. Defendant was arrested after her apartment was searched based upon a search warrant issued on an affidavit of a police officer who received a telephone call from a "concerned citizen who personally stated to affiant that sometime within the past 72 hours concerned citizen did personally se [sic] a quanity [sic] of marijuana . . ." Affiant added that to his knowledge "concerned citizen has never perviously [sic] given information to law enforcement officers in the past. However, this concerned citizen is believed to be truthful because concerned citizen has no criminal record, is a mature person and has lived in Clayton Co. all their [sic] life. Futher [sic], concerned citizen demonstrated a truthful demeanor when relating its [sic] information and the detail stated by the concerned cituzen [sic] indicated personal knowledge of it related to affiant. Concerned citizen states subject living at above residence is a white

female . . . drives a new 1978 Toyota displaying a dealers tag . . . white in color. Affiants [sic] investigation of vehicle reveals . . ." the above facts as to the white female to be true. Based upon the facts as to the location of the female and her automobile and the fact that the informant had no police record and demonstrated a truthful demeanor when relating the information the affiant believed the claim that the "concerned citizen" saw marijuana on the premises, and he requested the issuance of a search warrant. Affiant also added to his affidavit that he had received on two occasions "information within the last 2 months from confidential informants concerning . . . a white female known as [same name] in reference to illegal drugs [sic] transactions" located at this apartment. The affiant did not depose that he had received this call by telephone but this was disclosed at the hearing to suppress the evidence. The evidence also heard at this hearing disclosed informant had given all this information to the officer over the telephone, that the officer was aware at the time of the hearing that the informant did in fact have a criminal record despite the assertion to the contrary contained in the affidavit. The trial court was therefore of the opinion that the police officer had no way to assess whether or not the informant was "a mature person" or displayed a "truthful demeanor" and the fact that the unnamed informant had lived in Clayton County all his life was not necessarily indicative of reliability. Whereupon, the trial court sustained the motion to suppress stating at the end of the hearing that it found that the totality of information was not sufficient before the issuing magistrate to determine that the informant was reliable, the same being a mere telephone conversation received by the affiant and no other information was shown other than his one contact by telephone. Hence, same was not possible for the issuing magistrate to determine that the informant was credible and reliable. The state appeals. *Held:*

As stated in the recent case of *State v. Taylor,* 144 Ga. App. 270, 271 (241 SE2d 50), where the hearsay of an informant is relied upon in a search warrant affidavit same must meet two tests: "(1) The reasons for the informer's reliability must be furnished and (2) it must

either state how the informant obtained the information or the tip must describe the criminal activity in such detail that the magistrate may know it is more than a casual rumor circulating in the underworld or an accusation based merely on the individual's general reputation." The above quotation was taken from *Cain v. State,* 128 Ga. App. 146, 147 (195 SE2d 797). In accordance with the *Taylor* case the hearsay evidence in the case sub judice was deficient in that it did not state the informant's reliability even though the affidavit stated the informant did within the past 72 hours "personally se" marijuana at defendant's apartment which was properly described. We, therefore, hold that the trial court was correct in granting the motion to suppress.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED OCTOBER 16, 1978 — DECIDED NOVEMBER 2, 1978 — REHEARING DENIED DECEMBER 5, 1978 — 

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellant.
*Paul S. Liston,* for appellee.