41179, 41180. THE STATE v. STRICKMAN; and vice versa.
(319 SE2d 864)

WELTNER, Justice.

We received from the Court of Appeals the following certified question:

"Although otherwise considered an interlocutory ruling, in a criminal case where the defendant's pre-trial motion in limine to suppress evidence is granted based upon allegations not involving illegal search and seizure, is the grant of such motion in limine subject to direct appeal by the state under OCGA § 5-7-1 (4)?"

Strickman's pre-trial motion in limine was granted, excluding evidence of the results of a breath test claimed to have been made in violation of OCGA § 40-6-392 and the regulations of the Department

of Public Safety. The state directly appealed, and Strickman moved to dismiss.

OCGA § 5-7-1 (4) provides: "An appeal may be taken by and on behalf of the State of Georgia from the superior courts and such other courts from which a direct appeal is authorized to the Court of Appeals of Georgia and the Supreme Court of Georgia in criminal cases in the following instances:

"(4) From an order, decision, or judgment sustaining a motion to suppress evidence illegally seized in the case of motions made and ruled upon prior to the impaneling of a jury."

Strickman contends that this statute restricts the state's right to appeal to rulings upon pleadings which are denominated "motion to suppress," and which rulings suppress evidence seized in violation of the Fourth Amendment of the Constitution of the United States. He relies upon the language of OCGA § 17-5-30, contending that *only* suppressions under the express terms of that statute, as thus interpreted, are subject to direct appeal.

We do not agree with so restrictive a view of OCGA § 5-7-1 (4). The statute itself contains no such limitations, and the general purpose of appeal — which is to assure as much as possible that justice be done — is inconsistent with so limited an interpretation.

A motion in limine can be such as to seek to suppress evidence illegally obtained under the Fourth Amendment — or under any other provision of law. Assuredly, the right of appeal provided to the state in the statute should not be frustrated by the manner in which the pleader names his motion. "We have long ago departed that realm of law where runes and sigils supplant reason and substance." *Tuggle v. Tuggle*, 251 Ga. 845 (310 SE2d 224) (1984). Additionally, evidence "illegally seized" is seized illegally, whether its seizure violates the provisions of the Fourth Amendment, or, as in this case, laws and regulations respecting the Department of Public Safety.

Further, we deem the enactment of the appeal statute to be remedial in nature, so that an error committed by a trial judge, which otherwise might work a miscarriage of justice, can be corrected on appeal, and *before* attachment of jeopardy. Being remedial in nature, it should be construed liberally. *Board of Trustees of the Policemen's Pension Fund of Atlanta v. Christy*, 246 Ga. 553 (272 SE2d 288) (1980). Indications to the contrary in *State v. Watson*, 143 Ga. App. 785 (240 SE2d 194) (1977) and *State v. Clendinin*, 136 Ga. App. 303 (221 SE2d 71) (1975), are disapproved.

We hold that if a defendant moves before trial to exclude evidence on the ground that it was obtained in violation of law, the grant of such a motion — whatever its name — is subject to direct appeal on the part of the state.

*Certified question answered accordingly. All the Justices concur.*

DECIDED SEPTEMBER 6, 1984.

*Ralph T. Bowden, Jr., Solicitor, F. Gentry Shellnut, Jr., Assistant Solicitor,* for appellant.

*Steven T. Maples,* for appellee.