### 69423. THE STATE v. ASINOFF.
(327 SE2d 573)

SOGNIER, Judge.

Asinoff pleaded nolo contendere to an accusation charging him with driving under the influence of alcohol. The accusation bore the purported signature of James L. Webb, Solicitor General. Asinoff's plea was accepted and he was fined $350. Subsequently Asinoff learned that the accusation was not signed by Webb and filed a Petition for Writ of Error Coram Nobis. After a hearing at which the State stipulated that Webb did not sign the accusation, the trial court granted Asinoff's petition and set aside the judgment and sentence in his case. The State appealed the trial court's order granting Asinoff's petition. Asinoff filed a motion to dismiss the appeal on the ground that the State has no right under the provisions of OCGA § 5-7-1 to appeal the trial court's order.

The State argues that Asinoff's petition for a writ of error coram nobis should be treated as a motion in arrest of judgment, which the State has a right to appeal. We do not agree.

OCGA § 17-9-61 provides that a motion in arrest of judgment is based on nonamendable defects appearing on the face of the record and must be made during the term in which judgment was entered. A writ of error coram nobis is defined as "error assigned as a ground for reviewing, modifying, or vacating a judgment in the same court in which it was rendered. A writ to bring before the court that pronounced judgment errors in matters of fact which had not been put in issue or passed on and were material to validity and regularity of legal proceeding itself." Black's Law Dictionary, Special Deluxe Fifth Edition, 1979, p. 487; Hiawassee Lumber Co. v. United States, C.C.A., N.C., 64 F2d 417, 418 (4th Cir. 1933). Under the statutory definition Asinoff's motion could not be construed as a motion in arrest of judgment, as it did not relate to a nonamendable defect appearing on the face of the record, and it was not filed during the term of court in which judgment was entered. Thus, we must treat Asinoff's motion as it was denominated — a writ of error coram nobis, which our Supreme Court has held to be the predecessor to the extraordinary motion for a new trial based on newly discovered evidence. Willis v.

*State*, 249 Ga. 261, 264 (1) (290 SE2d 87) (1982).

OCGA § 5-7-1 sets forth the only instances in which the State may appeal an order, decision or judgment of a superior court to the Court of Appeals, and there is no provision in that statute authorizing the State to appeal an order granting a writ of error coram nobis (or an extraordinary motion for a new trial). The statute must be construed strictly against the State in allowing appeals under the specific conditions provided by the legislature. *State v. Clendinin*, 136 Ga. App. 303 (221 SE2d 71) (1975); *State v. Watson*, 143 Ga. App. 785, 786 (2) (240 SE2d 194) (1977). Hence, appellee's motion is granted and the appeal is dismissed.

*Appeal dismissed. Deen, P. J., and McMurray, P. J., concur in the judgment only.*

DECIDED FEBRUARY 27, 1985.

■■■■■■■■■■■■■■■■■■■■■■■■■■■

*James L. Webb*, Solicitor, *Christina A. Craddock*, Assistant Solicitor, for appellant.
*Charles R. Smith*, for appellee.