A89A2126. CORBIN v. THE STATE.
(389 SE2d 26)

McMURRAY, Presiding Judge.
Defendant was indicted on two counts of violating Georgia's Controlled Substances Act. Defendant filed a motion to suppress. The evidence adduced at a hearing on this motion revealed the following:

During the week of February 7, 1988, a confidential informant approached Detective C. L. Sasser of the Chatham County Police Department and informed the officer that defendant was selling cocaine from his residence. (The informant had never before given Detective Sasser information regarding illegal drug activities.) Detective Sasser searched the informant and found no money or drugs. The detective then gave the informant $250 in United States currency and transported the informant to defendant's residence. The informant entered defendant's residence and, after approximately 10 minutes, he returned to Detective Sasser with no money, but the informant did have a substance which tested positive for cocaine. In an attempt to secure a search warrant for defendant's residence, Detective Sasser reported this and other pertinent information in an affidavit to a judge of the Magistrate Court of Chatham County. A warrant was issued and a search of defendant's residence revealed contraband which led to defendant's arrest. The trial court denied the motion to suppress and defendant was later convicted of the crimes charged. This appeal followed. Held:

In his sole enumeration, defendant contends "[t]he trial court erred in denying [his] Motion to Suppress Evidence, said evidence having been seized under a defective search warrant issued solely on the information provided by an informant whose information had not been established as reliable." This contention is without merit.

Detective Sasser's affidavit revealed the reliability of the confidential informant's information when Detective Sasser deposed that he set up a drug buy and witnessed the informant return from defendant's residence with suspected cocaine. Further, Detective Sasser's own observations, which are reflected in his affidavit, provide sufficient cause for a search warrant to issue for defendant's residence. See State v. Perry, 234 Ga. 842 (218 SE2d 559). The trial court did not err in denying defendant's motion to suppress.

Judgment affirmed. Carley, C. J., and Beasley, J., concur.

DECIDED DECEMBER 4, 1989.

*Cail & Cail, Kenneth H. Cail, Jr.*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *John E. Morse, Jr.*, Assistant District Attorney, for appellee.