A02A1184. THE STATE v. LINDSAY.
(566 SE2d 41)

ELDRIDGE, Judge.

The State appeals from the Superior Court of Colquitt County's grant of former police officer Daniel Lindsay's motion to suppress allegedly perjurious testimony given by him under oath to a grand jury convened in December 2000 to consider other, separate charges against Lindsay. Because Lindsay, in violation of State law, was not afforded the protections of OCGA § 45-11-4 when making his statement to the grand jury, we affirm the grant of his motion to suppress.

In 1999, while still a police officer and during the performance of his official duties, Lindsay allegedly made false statements and writ-

ings and allegedly committed perjury.[1] An indictment was drawn for these offenses. Sometime between the alleged commission of the offenses and the December 2000 presentation of the indictment to the grand jury, Lindsay resigned as a police officer. Thereafter, and prior to the return of a true bill on these charges, Lindsay asked to appear before the grand jury with his lawyer and make a statement as permitted by OCGA § 45-11-4. The district attorney informed Lindsay that the rights afforded by the above-cited Code section did not apply to him because he was no longer a law enforcement officer. The district attorney refused to permit Lindsay to appear before the grand jury in the manner contemplated by OCGA § 45-11-4.

Via letter, Lindsay then asked the grand jury foreman to be allowed to testify. The grand jury determined that it wished to hear from Lindsay and permitted him to do so. The indictment was presented to the grand jury on December 11, 2000 ("December Indictment"). Before Lindsay's testimony, the district attorney informed him that his testimony would be that of any other witness; that anything he said could be used against him; that he would be subject to cross-examination; and that his attorney could not be present. Accepting these conditions rather than relinquish the opportunity to give a statement to the grand jury, Lindsay testified and was subject to cross-examination. A true bill was returned on the December Indictment. And statements Lindsay made during the course of the State's cross-examination became the basis for a separate, May 7, 2001 indictment for perjury ("May Indictment"). Thereafter, the State nolle prossed the December Indictment.

Prior to trial on the May Indictment, Lindsay filed a motion to suppress his December 2000 testimony before the grand jury that formed the basis for the May Indictment. Lindsay claimed that such testimony was obtained in violation of State law since he was not afforded the rights outlined in OCGA § 45-11-4. The trial court agreed and suppressed Lindsay's grand jury testimony. The State appeals. *Held*:

1. The State contends that (a) the rights provided by OCGA § 45-11-4 do not apply to Lindsay because he was not a police officer at the time he testified before the grand jury about the acts contained in the December Indictment, and (b) even if such rights did apply, Lindsay's testimony before the grand jury was otherwise "voluntary" and thus a violation of OCGA § 45-11-4 was irrelevant.

Resolution of this case is more complicated than it would appear at first blush and certainly more complex than the arguments of the

---

[1] It is undisputed that Lindsay was in the performance of his official duties as a peace officer when the acts allegedly occurred.

parties would allow. It involves a necessary, although labyrinthine, tour of recent legislative enactments, in relation to pre-amendment statutory rights and in relation to constitutional considerations, leaving us again to recognize that our General Assembly, even while earnestly laboring through a well-intentioned and well-considered decision-making process, can achieve surprising results.

(a) (i) It is a well-established rule that an appellate court applies the law as it exists at the time its opinion is rendered.[2] In that regard, OCGA § 45-11-4 was amended extensively during the 2001 legislative session, Ga. L. 2001, p. 487, § 3, as a part of the Corruption Prevention Act. The 2001 amendment to OCGA § 45-11-4 contains a subsection (g) which mirrors the language of the pre-amendment 1990 statute[3] and provides in pertinent part that,

> The accused shall have the right to appear before the grand jury to make such sworn statement as he or she shall desire at the conclusion of the presentation of the state's evidence. The accused shall not be subject to examination, either direct or cross, and . . . [t]he accused and his or her counsel shall have the right to be present during the presentation of all evidence and alleged statements of the accused on the proposed indictment, presentment, or accusation.[4]

Also included in the 2001 amendment, § 3, is a subsection (e) which states that "This Code section shall only apply to a public officer holding office at the time of indictment and not to former office holders."[5] Subsection (e) is new and contrary to the pre-amendment 1990 Code section, wherein the statute applied to officials "presently or formerly holding such office" and where the 1990 Code section specifically referenced removal of the official "*if* still in office."[6] The 2001 amendment to OCGA § 45-11-4 deliberately removed this language. Further, and as applied to this case, the legislature intended that amended Code section 45-11-4 — inclusive of subsection (e) — should

---

[2] *Hill v. Willis*, 224 Ga. 263, 265 (161 SE2d 281) (1968); *Houston v. State*, 192 Ga. App. 73, 74 (383 SE2d 571) (1989).

[3] OCGA § 45-11-4, Ga. L. 1990, p. 1969, § 1, states, inter alia,
The accused shall have the right to appear before the grand jury to make such sworn statement as he shall desire at the conclusion of the presentation of the state's evidence. The accused shall not be subject to examination, either direct or cross, and shall not have the right individually or through his counsel to examine the state's witnesses. The accused and his attorney shall have the right to be present during the presentation of all evidence and alleged statements of the accused on the proposed indictment, presentment, or accusation.

[4] OCGA § 45-11-4 (g).

[5] Ga. L. 2001, p. 487, § 3 (e).

[6] (Emphasis supplied.) OCGA § 45-11-4; Ga. L. 1990, p. 1969, § 1.

be applied to Lindsay's December 2000 grand jury appearance, because the legislature expressly stated that the amended provisions contained in Ga. L. 2001, p. 487, § 3, "shall apply to crimes committed *before,* on, and after the effective date of this Act [April 20, 2001]."[7]

(ii) OCGA § 45-11-4 is made applicable to peace officers like Lindsay through the specific provisions of OCGA § 17-7-52; Ga. L. 1997, p. 879, § 1, which provisions state that,

> Before an indictment against a peace officer charging the officer with a crime which is alleged to have occurred while he or she was in the performance of his or her duties is returned by a grand jury, the officer shall be notified of the contemplated action by the district attorney of the county wherein the grand jury shall convene and the officer shall be afforded the rights provided in Code Section 45-11-4.[8]

OCGA § 17-7-52 was also amended in Ga. L. 2001, p. 487, § 5, as a part of the new Corruption Prevention Act and, as amended, includes the provision that it applies to "a present or former peace officer."[9] This concept was not included in the pre-amendment 1997 codification cited above. And, notably, we use the older, 1997 Code section because the legislature expressly stated that the 2001 amended Code section 17-7-52; Ga. L. 2001, p. 487, § 5, "shall apply only to crimes committed *on or after* the effective date of this Act [April 20, 2001]."[10] Thus, the 2001 amended Code section with its reference to "former" peace officers would *not* apply to Lindsay's December 2000 grand jury appearance.

(iii) Accordingly, to follow the legislative mandate wherein 2001 amended Code section 45-11-4 applies to crimes committed *"before,* on, and after"[11] April 20, 2001, we must apply such amended statute upon review of Lindsay's rights before the grand jury with regard to the December Indictment. And OCGA § 45-11-4 (e) specifically pro-

---

[7] (Emphasis supplied.) Ga. L. 2001, p. 487, § 6 (d), uncodified. See *State v. Martin,* 266 Ga. 244 (1) (466 SE2d 216) (1996).

[8] OCGA § 17-7-52 (a); Ga. L. 1997, p. 879, § 1.

[9] Before an indictment against *a present or former peace officer* charging the officer with a crime which is alleged to have occurred while he or she was in the performance of his or her duties is returned by a grand jury, the officer shall be notified of the contemplated action by the district attorney of the county wherein the grand jury shall convene and the officer shall be afforded the rights provided in Code Section 45-11-4.

(Emphasis supplied.) Ga. L. 2001, p. 487, § 5. See also Legislative Headnote Ga. L. 2001, p. 487, wherein the General Assembly specifically amended OCGA § 17-7-52 "so as to include former peace officers."

[10] (Emphasis supplied.) Ga. L. 2001, p. 487, § 6 (c).

[11] (Emphasis supplied.) Ga. L. 2001, p. 487, § 6 (d).

vides that the rights of that Code section apply *only* to those who are still officially employed at the time of indictment.[12] Lindsay was not so employed at the time of the December Indictment. Accordingly, the rights of OCGA § 45-11-4 as amended do not apply to him.

Further, the Supreme Court's holding in *Dudley v. State*[13] cannot support a contrary view. *Dudley* was a pre-2001 amendment case interpreting the old, 1990 OCGA § 45-11-4. The Court determined that OCGA § 45-11-4 applied to former peace officers at the time of indictment *only* because of the language in the old, 1990 Code section which referred to officials "presently or formerly holding such office" and *"if* still in office."[14] This language, as we have already noted, has been completely removed in the amendment to § 45-11-4 that the General Assembly has instructed us to apply.

Moreover, the situation is not rescued by the 2001 amendment to OCGA § 17-7-52 referencing "present or former peace officers" because, as we have also noted above, we have been legislatively instructed to apply such Code section *only* to crimes committed *"on or after"*[15] April 20, 2001, making it inapplicable to Lindsay's grand jury appearance on the December Indictment. And the unamended 1997 Code section 17-7-52 that *would* apply to the December Indictment makes absolutely no reference to "former" peace officers.

(iv) So, there is a dilemma. Clearly, by amending OCGA § 17-7-52 to apply to "former" peace officers, the General Assembly meant to follow the Supreme Court of Georgia's rationale in *Dudley* wherein that Court found "a peace officer should not lose such protections [under OCGA § 45-11-4] for the officer's actions in the performance of duty merely because the officer is no longer employed as such at the time of prosecution."[16] But, by not making amended Code section 17-7-52's applicability to "former" officers effective on the same date as amended OCGA § 45-11-4 (e) prohibiting the application of grand jury rights to officials no longer employed, peace officers like Lindsay charged before April 20, 2001, fall into an apparently inadvertent gap created by the linguistic confines of unamended OCGA § 17-7-52 and the specific limitation of amended OCGA § 45-11-4 (e).

(v) Notwithstanding, an appellate court is bound to apply the law as it exists at the time its opinion is rendered, unless application of a new statute violates constitutional principles.[17] Georgia has a

---

[12] Ga. L. 2001, p. 487, § 3 (e).

[13] 273 Ga. 466 (542 SE2d 99) (2001).

[14] (Punctuation omitted; emphasis supplied.) Id. at 467.

[15] (Emphasis supplied.) Ga. L. 2001, p. 487, § 6 (c).

[16] *Dudley v. State*, supra at 468.

[17] *State v. Martin*, supra at 245-246 (3).

constitutional ban on the retrospective application of laws.[18] In that regard, "[a]lthough legislation which involves mere procedural or evidentiary changes may operate retrospectively, legislation which affects substantive rights may operate prospectively only."[19] Substantive law is that law which creates rights, duties, and obligations. Procedural law is that law which prescribes the methods of enforcement of rights, duties, and obligations.[20]

On its face, unamended OCGA § 45-11-4; Ga. L. 1990, p. 1969, § 1, promulgated a series of substantive rights that accrued to Lindsay as a peace officer at the time he was charged with committing the 1999 criminal acts which were the subject of the December Indictment.[21] The substantive rights afforded by the unamended statute have been interpreted to apply even when a peace officer is no longer employed as such at the time of indictment for the alleged criminal acts.[22] The subsequent 2001 amendment of OCGA § 45-11-4; Ga. L. 2001, p. 487, § 3, which precludes its application to officials no longer employed cannot be applied retroactively so as to strip Lindsay of substantive rights previously secured under the pre-amendment statute.[23] Therefore, OCGA § 45-11-4 as amended cannot be constitutionally applied to Lindsay, and we conclude that he should have been afforded the protections of unamended OCGA § 45-11-4; Ga. L. 1990, p. 1969, § 1, during his grand jury testimony on the December Indictment.[24]

Accordingly, the State erred in denying Lindsay the rights outlined in unamended OCGA § 45-11-4; Ga. L. 1990, p. 1969, § 1. Refusing to permit Lindsay's attorney to be present during the grand jury proceeding and subjecting Lindsay to the cross-examination which elicited the alleged perjury that formed the basis of the May Indictment violated State law.

(b) The State argues that even if the rights provided in OCGA § 45-11-4 should have been applied to Lindsay, he "voluntarily" chose to testify in front of the grand jury, with full knowledge that he would be cross-examined and that his attorney would not be allowed

---

[18] See Ga. Const. of 1983, Art. I, Sec. I, Par. X; *Canton Textile Mills v. Lathem*, 253 Ga. 102, 105 (1) (317 SE2d 189) (1984).

[19] *Enger v. Erwin*, 245 Ga. 753, 754 (267 SE2d 25) (1980).

[20] *Polito v. Holland*, 258 Ga. 54, 55 (3) (365 SE2d 273) (1988).

[21] *Dudley v. State*, supra at 466 ("the protections of [OCGA § 45-11-4] extend to a peace officer charged with criminal misdeeds in office").

[22] Id. at 468.

[23] OCGA § 1-3-5.

[24] In deciding this case, we find it unnecessary to reach whether the retrospective application of Ga. L. 2001, p. 487, § 3 will result in future constitutional concerns and therefore make no ruling on this issue. In any event, this Court cannot decide the constitutionality vel non of a statutory provision. Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1).

to be present. Such "voluntary" decision, the State argues, remedies the abrogation of the rights afforded by OCGA § 45-11-4.

However, we find that denying a party the rights to which he is entitled and which he specifically requests — so that the only remaining decision is to proceed without the protections secured by those rights or not to proceed at all — turns the notion of "voluntary" on its head. Indeed, for the State to force a Hobson's choice upon a party and then argue to this Court that the subsequent choice made was "voluntary" seems ill-advised. We reject such argument.

We further reject the State's additional argument that the entry of a nolle prosequi on the December Indictment rendered "moot" any issue with regard to a violation of OCGA § 45-11-4. The State fails to explain any legal basis for this assertion. But, as best we can determine, the implied argument is that, because the acts contained in the December Indictment are the ones about which Lindsay was testifying when the State violated OCGA § 45-11-4, then dismissing the December Indictment will resolve the violation. However, this argument fails to take into account that Lindsay's allegedly perjurious grand jury testimony obtained in violation of OCGA § 45-11-4 is the subject matter of the *May* Indictment. Dismissing the December Indictment has no effect on a prosecution under the May Indictment, the subject matter of which was obtained in violation of State law.

2. Following the May Indictment, Lindsay filed a pretrial motion to exclude his grand jury testimony. A motion in limine can be such as to seek to suppress evidence illegally obtained under the Fourth Amendment — or under any other provision of law.[25] In that regard, the failure to afford Lindsay the rights granted to him by OCGA § 45-11-4 violated the laws under which Lindsay's grand jury testimony should have been obtained.[26] OCGA § 45-11-4 authorizes obtaining a peace officer's grand jury testimony only after certain rights have been afforded. Two of these rights are that the officer may have his attorney present during his statement to the grand jury and that the officer will not be subject to cross-examination by the State. The record shows that Lindsay clearly requested these rights be afforded to him and was denied such by the State. Thereafter, the allegedly perjurious statements to the grand jury that became the basis for the May Indictment were made while Lindsay was subject to cross-examination in violation of State law.[27] Accordingly, we do not find

---

[25] *State v. Strickman*, 253 Ga. 287, 288 (319 SE2d 864) (1984).

[26] *Anderson v. State*, 267 Ga. 116 (1) (475 SE2d 629) (1996).

[27] See *State v. Strickman*, supra at 288; *State v. Peters*, 213 Ga. App. 352, 354 (444 SE2d 609) (1994).

the trial court's grant of Lindsay's motion in limine to exclude his grand jury testimony to be clearly erroneous.[28]

The fact that Lindsay styled his motion as a "Motion to Suppress" as opposed to a "Motion in Limine" does not change this result. "We have long . . . departed that realm of law where runes and sigils supplant reason and substance."[29] Evidence obtained in violation of State law is subject to exclusion, and a trial court's ruling thereon is directly appealable. "[I]f a defendant moves before trial to exclude evidence on the ground that it was obtained in violation of law, the grant of such a motion — whatever its name — is subject to direct appeal on the part of the state."[30] The State availed itself of its right to a direct appeal in this instance. Finding the contentions contained in such appeal to be meritless, we affirm the trial court's grant of Lindsay's motion in limine.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED MAY 21, 2002.

*Thurbert E. Baker, Attorney General, Michael E. Hobbs, Deputy Attorney General, Cassandra J. Schansman, Assistant Attorney General*, for appellant.

*Whelchel, Whelchel & Carlton, Mickey E. Waller*, for appellee.

---

[28] See *Bullard v. State*, 242 Ga. App. 843, 845 (3) (530 SE2d 265) (2000).
[29] *Tuggle v. Tuggle*, 251 Ga. 845, 846 (2) (310 SE2d 224) (1984).
[30] *State v. Strickman*, supra at 288; accord *State v. Peters*, supra at 354.
[1] See OCGA § 15-11-2 (6) (A) (delinquent act defined).