72587. UHLER v. THE STATE.
72588. BRIDGES v. THE STATE.
(350 SE2d 281)

McMurray, Presiding Judge.

George Randolph Bridges and James R. Uhler (defendants) were charged in a three-count indictment with commercial gambling and communicating gambling information. Defendant Uhler was also charged with keeping a gambling establishment. (Henry Martin Seymour Adams was charged in the indictment but he is not a party to this appeal.) The defendants filed motions to suppress evidence obtained through the use of electronic surveillance. Following a two-day hearing, the trial court denied all requests by the defendants for the suppression of evidence. The case was then submitted to the trial court, without a jury, on the basis of the evidence presented at the suppression hearing and the following stipulation of facts:

"At the inception of this case, MARY BETH ROGERS, was arrested at her apartment complex in DeKalb County, Georgia for trying to obtain her apartment in a false name and was charged with 'true name fraud,' and in connection therewith was interrogated by officers of the DeKalb County Police Department.

"MARY BETH ROGERS disclosed to officers of DeKalb County Police Department that she was obtaining the apartment for GEORGE RANDOLPH BRIDGES and HENRY MARTIN SEYMOUR ADAMS and that she believed that they were using the apartment for gambling purposes.

"Based upon this information, the apartment in question was placed under surveillance by officers of the DeKalb County Police Department who observed JAMES R. UHLER entering and leaving said apartment and remaining in said apartment during hours when betters might be placing wagers on sporting [contests].

"Thereafter, an oral application to a judge of the DeKalb Superior Court was made for an order allowing the installation of a pen register device and phone lines located at the apartment in question. This application was made without written or oral affidavit, and as a result of this application, an order was entered allowing the placement of a pen register and requiring the cooperation of the telephone company in this endeavor. A pen register is a mechanical or electronic device capable of recording the time a call is placed or received and the time that call is terminated, the number called, if the call originates from the telephone in question, and maintains a running count of the number of telephone calls. Based upon information obtained from MARY BETH ROGERS, through surveillance of the apartment in question, and through the results of the interception with a pen register, a wiretap application was made and granted by a judge of DeKalb Superior Court and pursuant thereto and in coopera-

tion with the telephone company, a wiretap was placed upon two (2) telephone lines, and a series of calls recorded in which bets were made on football games, and in which the voices of JAMES R. UHLER and GEORGE RANDOLPH BRIDGES were recorded in connection with such conversations.

"During the course of the wiretap surveillance, the police followed JAMES R. UHLER, on one (1) occasion, and observed him meeting with GEORGE RANDOLPH BRIDGES, and thereupon directed a uniform officer to stop MR. BRIDGES on the subterfuge of investigating a traffic accident and to require him to produce identification which the uniform officer did.

"At one point in the course of the wiretap surveillance, an oral application, in the absence of a written or oral affidavit, was made with a judge of the Superior Court of DeKalb County, and an order obtained directing the telephone company to assist in tracking 'call forwarding' from the apartment in question to any other location to which calls may have been forwarded on the telephones located in the apartment. As a result of this type of surveillance, location of a second apartment was discovered.

"Based upon the foregoing, that is to say the results of the wiretap surveillance and the call forwarding surveillance, search warrants were issued for the search of the apartment in DeKalb County, Georgia, to which calls had been forwarded and for the search of GEORGE RANDOLPH BRIDGES' home in Henry County, Georgia.

"Upon the execution of the search warrant in DeKalb County, Georgia, GEORGE RANDOLPH BRIDGES and JAMES R. UHLER were arrested in DeKalb County, Georgia.

"As a result of the search of JAMES RANDOLPH BRIDGES' home in Henry County, Georgia, a sheet of paper was obtained which the State maintains reflects betting information which correlates with the gambling conversations reported during the wiretap surveillance in DeKalb County.

"Based upon the wiretap surveillance, the DeKalb County Police were able to track phone calls to a number of locations where they obtained the names of two (2) betters who have admitted making bets with the Defendants, JAMES R. UHLER and GEORGE RANDOLPH BRIDGES."

The trial judge found the defendants guilty of the crimes charged. Defendant Uhler appeals in Court of Appeals Case No. 72587; and defendant Bridges appeals in Court of Appeals Case No. 72588. The defendants jointly filed an enumeration of errors and have consolidated their arguments in one brief. The defendants challenge the denial of their motions to suppress evidence. We now consider both Case No. 72587 and Case No. 72588 in this opinion. *Held*:

1. In their first enumeration of error the defendants assert that

the evidence which the State discovered through the electronic surveillance should have been suppressed because it was disclosed to other law enforcement agencies in violation of OCGA § 16-11-64 (b) (8). This Code section "limits the state's right to publish information obtained under an electronic surveillance warrant 'other than that necessary and essential to the preparation of and actual prosecution for the crime specified in the warrant . . .' The section then mandates that should a prohibited publication occur, the published information may not be admitted into evidence." *Waller v. State*, 251 Ga. 124, 128 (6) (303 SE2d 437).

In the case sub judice, the defendants contend that the evidence obtained during the electronic surveillance was disclosed to the Federal Bureau of Investigation, the Georgia Bureau of Investigation, the State Revenue Department and the Internal Revenue Service. There are no facts in the record to support this contention. "This court will not consider factual representations in a brief which are not supported in the record. *Moore v. State*, 174 Ga. App. 460 (330 SE2d 397) (1985)." *Gonzalez v. State*, 175 Ga. App. 217, 218-219 (3) (a) (333 SE2d 132). However, assuming the information was shared with other law enforcement agencies, such disclosure does not cause the information and evidence to be inadmissible at trial. See *Waller v. State*, 251 Ga. 124, 127-128, supra, reversed on other grounds in *Waller v. Georgia*, 467 U. S. 39 (104 SC 2210, 81 LE2d 31).

2. Next, the defendants contend the order directing Southern Bell to assist the State by tracking the "call-forwarding" process was invalid because it was entered upon an oral application in violation of 18 USCA § 2518 (1). This statute requires "[e]ach application for an order authorizing or approving the *interception of a wire or oral communication* [to] be made in writing . . ." (Emphasis supplied.) In the case sub judice, Walton Charles McCoy, Jr., a security manager for Southern Bell, testified that tracking the "call-forwarding" process did not involve the interception of electronic signals from the telephone lines. Mr. McCoy further testified that tracking the "call-forwarding" process involves determining what forwarding telephone number has been programmed into a Southern Bell computer by the customer. Consequently, since the process employed by Southern Bell in tracing the "call-forwarding" process did not involve "interception of a wire or oral communication," written application requesting the issuance of an order directing Southern Bell to assist the State was not required. See *Smith v. Maryland*, 442 U. S. 735 (99 SC 2577, 61 LE2d 220), and *Evans v. State*, 252 Ga. 312 (1), 316-318 (314 SE2d 421), cert. denied at 469 U. S. 826 (105 SC 106, 83 LE2d 50).

*Judgments affirmed. Carley and Pope, JJ., concur.*

DECIDED OCTOBER 21, 1986 —
REHEARING DENIED NOVEMBER 6, 1986

*W. Michael Maloof*, for appellants.

*Robert E. Wilson*, District Attorney, *John H. Petrey, Susan Brooks, J. Thomas Morgan*, Assistant District Attorneys, for appellee.