A91A0382. KING v. THE STATE.
A91A0383. ODOM v. THE STATE.
(409 SE2d 865)

ANDREWS, Judge.

King and Odom were jointly tried and convicted on charges of trafficking in cocaine. King was additionally convicted of giving a false name to a law enforcement officer, conspiracy to distribute cocaine, and possession of a sawed-off shotgun. Odom was also convicted of using a communication facility (a telephone) to facilitate the sale of cocaine.

The evidence against the defendants was primarily gathered as the result of three search warrants. Based on information collected in an ongoing narcotics investigation, the first investigative warrant was issued pursuant to OCGA § 16-11-64 for the electronic surveillance of the telephone line at King's place of business. Based on intercepted telephone conversations between Odom from the telephone at her residence to King on the monitored line, a second conventional search warrant was issued for cocaine located at Odom's residence. The execution of that warrant produced over 28 grams of cocaine. Based on additional intercepted telephone conversations and other information, a search warrant was issued for records of drug transactions and monies located at King's residence, where officers found miscellaneous records, money, a sawed-off shotgun and over 1,000 grams of cocaine.

On various grounds the defendants moved to suppress the evidence secured under these warrants, and on appeal claim the trial

court erred by denying their motions to suppress.[1]

1. In their first common enumeration of error, King and Odom argue that the State's application for the wiretap warrant was not introduced into evidence, therefore there is no proof that the application was made under the proper authority in compliance with the requirements of OCGA § 16-11-64 and 18 USC § 2516. Contrary to the defendants' contentions, during the suppression hearing the defendants themselves introduced a copy of the application for the investigative warrant into evidence.

The application was sufficient to demonstrate the State's compliance with the statutory requirements. "When there is probable cause to believe that a person is committing or has committed [certain crimes], then, upon *written application, under oath, of the district attorney of the circuit wherein the device is to be physically placed, or the Attorney General,* . . . any judge of the superior court of the circuit aforesaid may issue an investigation warrant permitting the use of devices, as defined by Code Section 16-11-60, for the surveillance of such person or place. . . ." (Emphasis supplied.) OCGA § 16-11-64 (b) (1).[2]

The application reflects that it was made in writing under oath to the appropriate superior court judge, by the district attorney of the circuit where the wiretap was placed. There was no error in denying the defendants'. motion to suppress on this ground.

2. In their second enumeration of error both defendants claim that the wiretap evidence should have been suppressed because the State failed to comply with the requirements of OCGA § 16-11-64 (b) (5), which provides: "The application for any investigation warrant under this Code section, any supporting evidence in connection therewith, and any entry of the issuance of an investigation warrant as a result thereof shall remain confidential and in the custody of the judge and shall not be released nor information touching same in any manner be disclosed, except upon written order of the judge or except at the time of trial of the case in which such evidence is used or in which evidence derived from such surveillance is used." This section of the State law and its federal counterpart (18 USC § 2518 (8) (b)) relate to protecting the confidentiality of the government's investigation and the authenticity of the application and related documents.

---

[1] Arguments with respect to the electronic surveillance warrant are addressed variously to the federal and state statutes governing wiretaps. Georgia law "must meet the minimum standards of [the federal law] in protecting privacy but may impose more stringent requirements and any interception must conform to both the state and federal law." *Ellis v. State,* 256 Ga. 751, 754 (353 SE2d 19) (1987).

[2] 18 USC § 2516 contains the federal provisions governing authorization to apply for an electronic surveillance order, and provides that a state statute may authorize the principal prosecuting attorney of any political subdivision to apply to a state court for such order.

*United States v. Florea*, 541 F2d 568, 575 (6th Cir. 1976).

In the instant case after the wiretap warrant was issued by the court, the officer obtained a certified copy of it for service upon the telephone company. Thereafter, the warrant and application were kept under lock at the police department. There is no evidence that the contents of the documents were disclosed outside of law enforcement officers involved in the prosecution of the case or altered in any way. Moreover, the testimony established a chain of custody sufficient to establish with reasonable certainty that the documents were not publicly disclosed or altered. *Gilstrap v. State*, 162 Ga. App. 841, 843 (292 SE2d 495) (1982). While the section of the statute relating to disclosure of information gathered under the wiretap (OCGA § 16-11-64 (b) (8)) contains a provision requiring exclusion of such evidence where it is improperly disclosed, we note that § 16-11-64 (b) (5) does not contain a similar exclusionary rule with respect to handling of the application and related documents. Accordingly, despite the State's failure to strictly comply with the statutory requirements of this section, in the absence of evidence that the documents were improperly disclosed or tampered with, we find no error requiring suppression of the wiretap evidence.

3. Both defendants argue in their enumeration of error number three that disclosure of evidence obtained under the wiretap warrant to the federal Drug Enforcement Agency (DEA) and the United States Attorney was a violation of the non-disclosure provisions of OCGA § 16-11-64 (b) (8), which limit such disclosure to those instances where it is "necessary and essential to the preparation of and actual prosecution for the crime specified in the warrant. . . ." A violation of this section, which contains an express exclusionary provision, renders the wiretap evidence inadmissible. *Ledesma v. State*, 251 Ga. 885, 889 (311 SE2d 427) (1984).

The State released the wiretap information to the DEA to pursue evidence of interstate drug traffic in connection with the current investigation, and to the U. S. Attorney to pursue forfeiture proceedings against property used in connection with the present criminal charges. We find both of these disclosures proper. Where a local investigation leads to evidence of interstate criminal activity, it is reasonably necessary and essential to disclose this evidence to other law enforcement agencies authorized to pursue the interstate aspects of the investigation. *Orkin v. State*, 236 Ga. 176, 189 (223 SE2d 61) (1976). It was also reasonably necessary and essential to full preparation for and actual prosecution of the crime under investigation, to disclose wiretap information to the U. S. Attorney for civil forfeiture proceedings against crime-related property used in the criminal activity specified in the warrant. See *Waller v. State*, 251 Ga. 124, 128 (303 SE2d 437) (1983), rev'd on other grounds, 467 U. S. 39 (104 SC 2210,

81 LE2d 31) (1984) (cooperation between law enforcement agencies necessary and essential to imposing sanctions against interrelated patterns of criminal activity under RICO statute).

4. In his fourth enumeration of error, King claims the State conducted an illegal, warrantless search of his residence, the results of which should have been suppressed. Based on conversations intercepted in the wiretap, the State had probable cause to believe that records of drug transactions were located at King's residence. A search warrant, valid for ten days, was issued for these items on November 9, 1989. When the warrant was executed on November 12, 1989, while King was present, officers found miscellaneous records, a sawed-off shotgun, and over 1,000 grams of cocaine in plain view as they entered the residence.

Apparently King claims the three-day delay in executing the warrant rendered it invalid, or that it was used as a pretext for a general search for the cocaine not named in the warrant. During the three days after its issuance, and prior to its execution, wiretap interceptions tipped officers that a quantity of cocaine was likely to be delivered to the residence, yet they took no action to secure a warrant to search for cocaine. Execution of the warrant after three days was proper since a warrant may be executed at any reasonable time within ten days after issuance. OCGA §§ 17-5-25 and 17-5-26; *State v. Banks*, 185 Ga. App. 760, 762 (365 SE2d 855) (1988). Nor was seizure of the cocaine illegal because it was not accomplished pursuant to a search warrant. Even though officers deliberately executed the search warrant for the records at a time when, based on the wiretap interception, they believed cocaine would be present, "[t]he fact that an officer is interested in an item of evidence and fully expects to find it in the course of a search should not invalidate its seizure if the search is confined in area and duration by the terms of a warrant or a valid exception to the warrant requirement." *Horton v. California*, 495 U. S. __ (110 SC 2301, 110 LE2d 112, 124) (1990) (abolishing the rule evolving from the plurality opinion in *Coolidge v. New Hampshire*, 403 U. S. 443 (91 SC 2022, 29 LE2d 564) (1971)), that warrantless seizures under the plain view doctrine must be inadvertent). Since the cocaine was found during the scope of a search authorized by the warrant, its seizure was authorized by the plain view doctrine.

5. In King's fifth enumeration of error and Odom's seventh enumeration of error, they claim the wiretap evidence should have been suppressed because the trial court failed to seal the recordings immediately upon termination of the wiretap pursuant to 18 USC § 2518 (8) (a). This section requires that immediately upon expiration of the investigative warrant the "recordings shall be made available to the judge issuing such order and sealed under his directions. Custody of the recordings shall be wherever the judge orders . . . The presence of

the seal provided for by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents of any wire, oral, or electronic communication or evidence derived therefrom. . . ." 18 USC § 2518 (8) (a).

The wiretap order expired on November 14, 1989, at 9:19 p.m. The original recordings were sealed in boxes by a police officer on either November 15, or within a day or two after that time, during which period duplicates of the unsealed original recordings were made. The recordings were kept under lock until officers turned them over to the district attorney to file with the court. The report and return of the warrant filed by the district attorney pursuant to OCGA § 16-11-64 (b) (6) on November 21, 1989, indicates that the wiretap recordings are "hereby delivered to the custody of this court pursuant to Official Code of Georgia Ann. § 16-11-64 (b) (5) and 18 United States Code § 2518 (8) (a) for the issuance of such order relating to its further custody as this Court may deem proper." There is no evidence of whether the court took any additional action with respect to sealing the tapes.

There is evidence of a day or two delay in the sealing of the recordings after expiration of the wiretap, and no evidence that the sealing was under the judge's direction. However, King does not claim, nor is there any evidence, that the recordings were tampered with or altered in any fashion. The State demonstrated with reasonable certainty that the recordings were protected from accidental or deliberate alteration prior to being sealed, and the short delay in sealing was excusable and satisfactorily explained as attributable to the administrative necessity of making accurate copies of the originals. *United States v. Rios*, 495 U. S. __ (110 SC 1845, 109 LE2d 224, 234-236) (1990). The "primary thrust of 2518 (8) (a) . . . is to insure the reliability and integrity of evidence obtained by means of electronic surveillance. The presence or absence of a seal does not in itself establish the integrity of electronic surveillance tapes. Rather, the seal is a means of ensuring that subsequent to its placement on a tape, the Government has no opportunity to tamper with, alter, or edit the conversations that have been recorded." Id. at 109 LE2d 234. Although the recordings were apparently not delivered to the judge until approximately six days after the wiretap expired, evidence indicates they were sealed within a day or two after the warrant expired. In the absence of any evidence of prejudice to King or Odom resulting from the delay, or any showing that the integrity of the recordings was violated, we find no violation requiring suppression under 18 USC § 2518 (8) (a). *Gilstrap*, supra at 842-843.

6. In her fourth and fifth enumerations of error Odom asserts that the State violated OCGA §§ 16-11-64 (b) (5); 16-11-64 (b) (1) (B) and 18 USC § 2510 et seq. by disclosing wiretap evidence to a magis-

trate to obtain a search warrant for her residence without prior approval of the judge issuing the wiretap warrant. There is no merit to these claims.

OCGA § 16-11-64 (b) (5) relates to maintaining the confidentiality and authenticity of the application and related documents, and has no bearing on disclosure of information obtained during the wiretap, which is covered by OCGA § 16-11-64 (b) (8) and 18 USC § 2581 (8) (b). Disclosure of this information to obtain a search warrant of Odom's residence directly related to the crime specified in the wiretap warrant was proper under 18 USC § 2517 and OCGA § 16-11-64 (b) (8). There is no authority requiring the judge who issued the wiretap warrant to supervise such disclosures during the period of the wiretap. *Morrow v. State*, 147 Ga. App. 395, 398 (249 SE2d 110) (1978).

As to the alleged violation of OCGA § 16-11-64 (b) (1) (B), this section authorizes a superior court judge, upon proper application, to issue an investigative warrant employing electronic surveillance devices as defined in OCGA § 16-11-60. It does not control the issuance of a regular search warrant by a magistrate based on information gathered in the wiretap.

7. Odom's sixth enumeration of error was withdrawn.

8. We decline to address the defendants' additional contentions addressed to their common enumerations of error one and three in their joint supplemental brief filed after the deadline, as extended, under Rule 14. Since these contentions allege additional errors not raised or supported by authority or argument in the initial briefs, they are deemed abandoned under Rule 15 (c) (2), and may not be " 'resurrect[ed] from abandonment' " in the supplemental brief. *Bicknell v. Joyce Sportswear Co.*, 173 Ga. App. 897, 898 (328 SE2d 564) (1985).

*Judgments affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 14, 1991 —
RECONSIDERATION DENIED JULY 31, 1991 —

*Herbert Shafer*, for appellants.
*Robert E. Wilson, District Attorney, Gregory A. Adams, Michael D. Thorpe, Assistant District Attorneys*, for appellee.