### S91G1479. KING et al. v. THE STATE.
(414 SE2d 206)

CLARKE, Chief Justice.

Petitioners Albert King and Toxie Odom were convicted of trafficking in cocaine, as well as a number of other offenses. During their investigation of petitioners, police obtained warrants for a wiretap of the suspected premises from a Fulton County Superior Court Judge. On appeal petitioners argued that the trial court erred in denying their motion to suppress on the ground that the judge who issued the wiretap order failed to seal tape recordings made of petitioners' telephone conversations as required by 18 USCA § 2518 (8) (a). The Court of Appeals affirmed the trial court, *King v. State,* 200 Ga. App. 801 (409 SE2d 865) (1991), and we granted certiorari to determine whether the motion to suppress should have been granted. For reasons which follow, we reverse.

18 USCA § 2518 (8) (a) provides that, if possible, the contents of any intercepted electronic communication shall be recorded on tape or other means in a manner "as will protect the recording from editing or other alterations." This section further provides that "[i]mmediately upon the expiration of the period of the order [permitting electronic surveillance] or extensions thereof, such recordings shall be made available to the judge issuing such order and sealed under his direction." As interpreted by the United States Supreme Court in *United States v. Ojeda Rios,* 495 U. S. 257 (110 SC 1845, 109 LE2d 224) (1990), this Code section contains an "explicit" exclusionary provision for failure to comply with this requirement in that

> "[t]he presence of the seal provided for by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents of any . . . electronic communication . . . derived therefrom. . . ." 110 SC at 1847.

The record in this case shows that after the wiretap concluded, police placed the recorded tapes in a cardboard box secured with wrapping tape and stored them in a locked filing cabinet equipped with an alarm system. Duplicates were made of the tapes and within a few days police transported the tapes to the office of the Fulton

County District Attorney. The record shows that an assistant district attorney filed a return of the warrant which indicated that the tapes were delivered to the custody of the court. However, the record does not show that the judge issuing the wiretap order, or any judge, ever directed that the tapes be sealed, nor does the record indicate that the state produced the "presence of the seal" or made "a satisfactory explanation for the absence thereof" as required by § 2518 (8) (a) in order for the contents of the tapes to be admitted in evidence.

In *Ojeda Rios*, supra, the United States Supreme Court held that "[t]he primary thrust of § 2518 (8) (a) . . . is to ensure the reliability and integrity of evidence obtained by means of electronic surveillance." 110 SC at 1849. The Court went on to say that "[i]t is clear to us that Congress viewed the sealing requirement as important precisely because it limits the Government's opportunity to alter the recordings." Id. The Court concluded that it was the intent of Congress that the exclusionary provisions of the Code section "appl[y] to a delay in sealing as well as *a complete failure to seal tapes*" (emphasis supplied) 110 SC at 1850, and that " 'the seal provided by [§ 2518 (8) (a)] is a prerequisite to the admissibility of electronic surveillance tapes.' " Ibid. at 1849.

The Court of Appeals held that because petitioners made no suggestion that they were prejudiced by the absence of a judicial seal on the tapes, any violation of § 2518 (8) (a) was harmless. However, we find that the United States Supreme Court's decision in *Ojeda Rios* forecloses this conclusion.

In that case the tapes had been sealed by the judge issuing the wiretap order. The issue was whether the exclusionary provisions of § 2518 (8) (a) applied to a police delay in transmitting the tapes to the judge in order for them to be sealed. The Court held that proof of non-tampering could not substitute for a satisfactory explanation of the delay in transmission. 110 SC at 1850. Likewise, we conclude that where the state has failed to show that the tapes were judicially sealed, the state's claim that there has been no tampering with the tapes will not prevent the exclusionary provisions of § 2518 (8) (a) from coming into play.

The Court of Appeals therefore erred in holding that petitioners' motion to suppress should not have been granted.

*Judgment reversed. Weltner, P. J., Bell, Hunt, Benham and Fletcher, JJ., concur.*

DECIDED MARCH 11, 1992 —
RECONSIDERATION DENIED APRIL 2, 1992.

*Herbert Shafer,* for appellants.

*Robert E. Wilson, District Attorney, Michael D. Thorpe, Gregory A. Adams, J. George Guise, Assistant District Attorneys,* for appellee.