960 F.2d 126
 22 Fed.R.Serv.3d 473
 UNITED STATES of America, Plaintiff-Appellee,
v.
2204 BARBARA LANE, All that Tract or Parcel of Land,
Together with all Buildings and Appurtances Thereon,
Commonly Known as 2204 Barbara Lane, Decatur, Dekalb County,
Georgia, 4089 Depauw Way, All that Tract or Parcel of Land,
Together with all Buildings and Appurtances Thereon,
Commonly Known as 4089 Depauw Way, Decatur, Dekalb County,
Georgia, Defendants,
Willie Roberts, Claimant-Appellant,
Doris G. Parker, Claimant,
Michael H. Aronson, M.D., Trustee-Claimant,
Lomas Mortgage, USA, Inc., Claimant.
 No. 91-8639.
 United States Court of Appeals,
Eleventh Circuit.
 May 4, 1992.
Rehearing Denied June 15, 1992.
 
 Herbert Shafer, Office of Herbert Shafer, Atlanta, Ga., for claimant-appellant.
 Joseph Andre Plummer, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before FAY and EDMONDSON, Circuit Judges, and ATKINS,* Senior District Judge.
 FAY, Circuit Judge.
 
 
 1
 This case involves Rule 36 of the Federal Rules of Civil Procedure. The issue before us is whether a district court may grant summary judgment in a civil forfeiture action based on unanswered requests for admissions despite the apparent nonfinal status of an underlying state criminal judgment. The basis for the civil forfeiture action is certain wiretap evidence that the state trial court found admissible but is now under state appellate review. We find that the failure to respond to the requests for admissions in the civil forfeiture action conclusively established that the appellant used the property at issue to facilitate illegal drug transactions. For the reasons stated below, the district court's order of summary judgment is AFFIRMED.
 
 I. BACKGROUND
 
 2
 On October 25, 1989, the Fulton County Superior Court issued an order authorizing the Atlanta Police Bureau (APB) to wiretap the telephone at 1143 Simpson Road, N.W., Atlanta, Georgia. That same day, the APB intercepted a telephone conversation between claimant-appellant Willie Roberts a/k/a Albert King a/k/a Arthur Winston and a person identified as "Bo." During the conversation, Roberts and Bo negotiated the sale of five ounces of cocaine. Shortly after his conversation with Bo, Roberts called Toxie Odom, who received the call at 2204 Barbara Lane, Decatur, DeKalb County, Georgia. Roberts informed Odom that he intended to deliver narcotics to her at that location.
 
 
 3
 Six days later, on October 31, 1989, members of the APB and the Dekalb County Police Department executed a search warrant at the property, resulting in the seizure of one set of Nexes scales, marijuana, paraphernalia used to sift and dilute controlled substances, and more than fifty grams of cocaine base or crack cocaine. The Dekalb County Grand Jury indicted Roberts for violating the Georgia Controlled Substances Act, in connection with his narcotics trafficking activities.
 
 
 4
 Roberts soon moved for suppression of the state wiretap evidence and argued that his communications were unlawfully intercepted because the wiretap order was invalid, the state improperly executed the wiretap, the state failed to comply with federal post interception requirements, and the wiretap evidence was published without prior judicial authorization. The Dekalb County Superior Court denied Roberts' motion to suppress.
 
 
 5
 Roberts then proceeded to trial. After the state presented the bulk of its case, Roberts failed to appear for the remainder of his trial and the state court issued a bench warrant for his arrest. The state court then tried and convicted Roberts in absentia. On March 14, 1990, Roberts' conviction was affirmed by the Georgia Court of Appeals. King v. State, 409 S.E.2d 865 (Ga.Ct.App.1991).
 
 
 6
 On April 3, 1990, the United States filed a verified complaint seeking in rem forfeiture of the property at 2204 Barbara Lane pursuant to 21 U.S.C. § 881(a)(7), alleging that the property had been used to facilitate the receipt, sale, storage and/or distribution of cocaine. On May 15, 1990, Roberts, through his counsel, filed a claim to the defendant property and an answer. The district court struck Roberts' claim and answer because he remained a fugitive, but later vacated its order after Roberts' apprehension.
 
 
 7
 Prior to Roberts' arrest on July 5, 1990, the United States served Roberts' counsel with twenty requests for admissions, specifically requesting Roberts to admit that he used the defendant property to facilitate illegal drug transactions in 1989. Neither Roberts nor his counsel ever responded to the requests for admissions.
 
 
 8
 On February 25, 1991, the United States moved for summary judgment based on the pleadings, a statement of material facts not in dispute, and the unanswered requests for admissions. In his response to the summary judgment motion, Roberts argued that the district court could not entertain the government's motion until it first held a hearing regarding the wiretap evidence. The United States replied that summary judgment could be properly entered based solely on Roberts' failure to respond to the requests for admissions. The government argued further that Roberts should be precluded from reasserting the suppression issues in the district court since he had a full and fair hearing on the matter in state court.
 
 
 9
 The district court granted summary judgment on the basis that "[t]he facts are not in dispute" (R2-42:2) and that "[t]he issues regarding the validity and legality of the initial wiretap were fully raised and rejected upon Roberts' motion to suppress in Roberts' prosecution for the criminal acts underlying the instant forfeiture proceeding." (R2-42:5). On the latter ground, the district court cited King v. State, 409 S.E.2d 865 (Ga.Ct.App.1991). Thus, the district court granted the government's motion for summary judgment because (1) Roberts did not challenge the facts the government presented, and (2) he had been collaterally estopped from raising the lawfulness of the wiretap in the subsequent civil forfeiture action.
 
 
 10
 On September 13, 1991, the Georgia Supreme Court granted certiorari to review the Georgia Court of Appeals' decision in King, the case the district court relied upon to find collateral estoppel. Roberts now appeals the district court's order of summary judgment on the basis that the state court ruling regarding the acquisition and use of the wiretap evidence is not final. The United States asserts that irrespective of the lawfulness of the wiretap, the summary judgment should be upheld because Roberts' failure to respond to the requests for admissions conclusively established that Roberts used the defendant property to facilitate illegal drug transactions.
 
 II. DISCUSSION
 
 11
 We do not reach Roberts' argument concerning the district court's application of collateral estoppel as his failure to respond to the government's requests for admissions conclusively established the government's case. A basic review of federal civil forfeiture and procedural law exposes the weakness of Roberts' argument (as a bright red herring), and leads to a simple resolution of this matter.
 
 
 12
 The controlling civil forfeiture statute, 21 U.S.C. § 881(a)(7), provides that any right, title, or interest in real property is subject to forfeiture when it was used or intended to be used to commit or to facilitate the commission of any felony violation enumerated in Title 21 of the United States Code. Sections 841(a)(1) and 841(b)(1)(B) of Title 21 provide, in relevant part, that it is unlawful to distribute, dispense, or possess with intent to distribute or dispense, a controlled substance such as cocaine. In order to obtain a forfeiture, the government need only show probable cause that a substantial connection exists between the property identified for forfeiture and associated illegal drug activity. United States v. Four Million Two Hundred Fifty-Five Thousand Dollars, 762 F.2d 895, 903 (11th Cir.1985), cert. denied, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986).
 
 
 13
 Federal Rule of Civil Procedure 56(c) mandates entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Emphasis added). The district court must view the evidence in the light most favorable to the nonmoving party. Sweat v. Miller Brewing, 708 F.2d 655, 656 (11th Cir.1983). Once the movant bears the initial burden of production in demonstrating no genuine issue of material fact, "the nonmoving party has the burden of making a showing sufficient to establish the existence of each essential element to the nonmovant's case on which he will bear the burden of proof at trial." Langston v. ACT, 890 F.2d 380, 383 (11th Cir.1989).
 
 
 14
 Here, the district court properly found no genuine issue as to a material fact because "the facts [were] not in dispute." (R2-42:2). Federal Rule of Civil Procedure 36:
 
 
 15
 expressly provides that requests for admissions are automatically deemed admitted if not answered within 30 days, and that the matters therein are 'conclusively established' unless the court on motion permits withdrawal or amendment of the admissions. The rule is designed to expedite litigation, and it permits the party securing admissions to rely on their binding effect.
 
 
 16
 Rainbolt v. Johnson, 669 F.2d 767, 768 (D.C.Cir.1981) (reversed district court because it failed to give binding and conclusive effect to unanswered requests for admissions). Roberts never responded to the government's requests for admissions, thereby admitting that he used the property to facilitate illegal drug trafficking. Although the summary judgment order itself did not expressly refer to the unanswered requests for admissions, the facts were undisputed only because Roberts failed to respond to the government's requests. The unanswered requests served as the "admissions on file." Indeed, on appeal Roberts concedes that he used the property to facilitate the sale of cocaine, but claims that the summary judgment should be vacated in any case because the requests for admissions were based on illegally gathered evidence.
 
 
 17
 This court recently addressed a case where two defendants appealed summary judgments against them that were based on unanswered requests for admissions. In J.D. Pharmaceutical Distribs., Inc. v. Save-On Drugs & Cosmetics Corp., 893 F.2d 1201 (11th Cir.1990), we vacated the summary judgment as to one defendant because that defendant never received actual or constructive notice of the plaintiff's requests for admissions. Id. at 1208. No such facts are claimed here. However, we affirmed the summary judgment as to the second defendant despite his claim that the district court erred by not allowing him more time to look for an attorney. Id. at 1208-09. We noted that even though the defendant was a pro se prisoner, the district court's order was justified given the defendant's dilatory tactics and his failure to respond to the requests for admissions. Id. at 1209; see also Stubbs v. Commissioner, 797 F.2d 936 (11th Cir.1986) (summary judgment affirmed where taxpayer failed to respond to requests for admissions).
 
 
 18
 The Advisory Committee on Rules emphasized the importance and effect of requests for admissions in its notes accompanying the 1970 amendment to Rule 36:
 
 
 19
 In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than an evidentiary admission of a party. Unless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the very purpose of the rule is defeated.
 
 
 20
 (Citations omitted).
 
 
 21
 The apparent gravamen of Roberts' complaint is that because the wiretap evidence used in his underlying conviction is under review by the Georgia state courts, the federal government is somehow precluded from framing requests for admissions in a subsequent civil forfeiture suit based on information gathered from the wiretap. Even if the doctrine applied, the district court's summary judgment order was not based on the fruit of any poisonous tree, but rather on the harvest of Roberts' own admissions. Roberts was free to timely answer or object to the requests and proceed through discovery to trial, but his silence conclusively established the government's case.
 
 
 22
 Accordingly, the district court's order of summary judgment is AFFIRMED.
 
 
 
 *
 Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation