## A94A0467. WILLIAMS v. THE STATE.
### (447 SE2d 676)

Judge Harold R. Banke.

The appellant, Sara Williams, was convicted of several violations of the Georgia Controlled Substances Act. Much of the evidence proving those offenses was obtained as a result of the use of a pen register and subsequent wiretap on her residential telephone, the propriety of which forms the primary basis of this appeal.

On March 20, 1992, in the course of investigating reports of the appellant and her family operating a narcotics distribution ring, the Floyd County district attorney obtained authorization for a pen register to be placed on the appellant's residential telephone for a 20-day period. At the request of the judge who authorized the pen register, the investigating officer with the Rome-Floyd Metro Drug Task Force kept the application and supporting evidence and stored them in a safe at the task force office. The pen register was terminated on April 9, 1992, but the warrant and pen register tapes were not returned until May 1, 1992.

The information gained from the pen register was used to obtain a warrant for the oral interception of the appellant's residential telephone. From April 9, 1992, to May 13, 1992, a total of 2,194 telephone calls were monitored, of which 318 were considered evidence calls and 240 were minimized.

1. OCGA § 16-11-64 (b) (5) provides that "[t]he application for any investigation warrant under this Code section, any supporting evidence in connection therewith, and any entry of the issuance of an investigation warrant as a result thereof shall remain confidential and in the custody of the judge and shall not be released nor information touching same in any manner be disclosed, except upon written order of the judge or except at the time of trial of the case in which such evidence is used or in which evidence derived from such surveillance is used. . . ." OCGA § 16-11-64 (b) (6) provides that "[t]he applicant for the warrant shall return same and report back to the judge issuing same within 30 days of the issuance of the warrant."

In the instant case, it was uncontroverted that after obtaining the warrant for the pen register, the investigating officer retained possession of the application for the warrant and supporting documents, rather than leaving them in the custody of the issuing judge as required in OCGA § 16-11-64 (b) (5). Further, the warrant and pen register tapes were not returned until May 1, 1992, 12 days beyond the

30-day deadline provided in OCGA § 16-11-64 (b) (6).

The appellant contends that these procedural violations required suppression of the evidence derived from the use of the pen register. However, she makes no showing of how she was harmed by the State's noncompliance with OCGA § 16-11-64 (b) (5) and 16-11-64 (b) (6), and we are unable to discern any. "Absent a clear showing of prejudice, failure to comply strictly with administrative requirements does not require suppression of the evidence. [Cit.]" *Gonzalez v. State*, 175 Ga. App. 217, 221 (333 SE2d 132) (1985).

We note that under OCGA § 16-11-67, evidence obtained in violation of Title 16, Article 3, Part 1 is inadmissible. See *Dobbins v. State*, 262 Ga. 161 (415 SE2d 168) (1992). However, the statutory provisions in issue in the instant case set forth procedures for safeguarding certain documents, and are unconnected with the actual obtaining of the evidence. Accordingly, the exclusionary provision of OCGA § 16-11-67 is inapplicable here.

2. The appellant also contends that the trial court should have granted her motion to suppress based upon the failure of the investigating officers to show that less intrusive investigative methods had been unsuccessful, and based upon the officers' failure to minimize the intercepted telephone calls. Those contentions were decided adversely to the appellant in the earlier appeal brought by her son, who was indicted with the appellant and convicted of conspiracy to possess cocaine with the intent to distribute. *Williams v. State*, 211 Ga. App. 8 (438 SE2d 126) (1993).

3. Relying upon *Kelleher v. State*, 185 Ga. App. 774, 779 (2) (365 SE2d 889) (1988), the appellant contends that the trial court should have quashed the indictment as to two counts of conspiracy, on the grounds that the indictment designated the intercepted telephone calls as the overt acts necessary to prove conspiracy. *Kelleher* involved telephone conversations that contained only discussions of future acts, which were insufficient to establish both the conspiratorial agreement and the commission of an overt act in furtherance of the object of the conspiracy.

However, in the instant case, the telephonic conversations referred to completed acts which had been discussed in earlier conversations. Further, some of the overt acts were established by the testimony of witnesses and the surveillance of the appellant and her son. Under these circumstances, the trial court properly denied the appellant's motion to quash the indictment.

4. The appellant next contends that the trial court erred in admitting into evidence a transcript of the testimony of a witness who testified for the appellant at the hearing on her motion to suppress. We find no error.

Under OCGA § 24-3-10, the testimony of an unavailable witness

given at a previous trial may be admitted at a subsequent proceeding, provided the prior testimony involved substantially the same parties and the same issues. *Barnes v. State*, 256 Ga. 370 (2) (349 SE2d 387) (1986). In the instant case, the parties were identical, and the witness's testimony pertained to his own drug usage, his role as a State agent, and his purchase of drugs from the appellant and other individuals at the taxicab stand owned and operated by the appellant. That testimony thus involved essentially the same issue as in the trial.

The appellant also argues that the State's use of the former defense witness's testimony violated her right to cross-examine the witness. However, "where the issues and parties are identical, and the party against whom the testimony is offered called the witness to the stand at the previous hearing or trial, the need for cross-examination is basically satisfied, and the requirement is met." (Footnote omitted.) Id. at 371-372.

5. Relying upon *Gonzalez v. Abbott*, 262 Ga. 671 (425 SE2d 272) (1993), the appellant contends that the trial court should have directed a verdict of acquittal on the charge of conspiracy to traffick cocaine, on the ground that the evidence failed to prove all the elements of the offense of trafficking cocaine. However, in *Gonzalez*, the Supreme Court overturned a conviction for conspiracy to traffick cocaine because the trafficking statute, upon which the conspiracy charge was based, had been repealed. *Gonzalez* does not require proof of all the elements of the substantive crime before a conviction for conspiracy to commit that crime may be obtained.

6. We have reviewed the appellant's remaining enumerations of error which assert that the trial court's pattern charge on conspiracy was confusing and inadequate, and that trial counsel provided ineffective assistance by failing to request a jury charge on equal access and by failing to object to the State's reference to the intercepted telephone calls as overt acts, and we find them to be without merit.

*Judgment affirmed. Pope, C. J., McMurray, P. J., Birdsong, P. J., Beasley, Andrews, Johnson and Smith, JJ., concur. Blackburn, J., dissents.*

BLACKBURN, Judge, dissenting.

I respectfully dissent. The officers failed to follow the clear mandates of OCGA § 16-11-64 (b) (5) and (6). Therefore, pursuant to OCGA § 16-11-67 the evidence obtained must be suppressed. The citizens of Georgia have the right to expect strict compliance with those statutes allowing invasions into their constitutionally protected rights.

"Wiretapping and surveillance are the subjects of federal and state law and both must be complied with where applicable." *Orkin v. State*, 236 Ga. 176, 179 (223 SE2d 61) (1976). Georgia law "must meet

the minimum standards of [federal law] in protecting privacy but may impose more stringent requirements and any interception must conform to both the state and federal law." *Ellis v. State*, 256 Ga. 751, 754 (353 SE2d 19) (1987). "[F]or evidence obtained through state-authorized wire taps to be admissible in a state criminal proceeding, it must have been obtained in a manner not inconsistent with the requirements of *both* the federal and state laws. On the other hand, such evidence must be excluded if it was obtained in a manner inconsistent with the mandate of *either* the federal or the state law. [Cit.]" *Cox v. State*, 152 Ga. App. 453, 455-456 (263 SE2d 238) (1979).

The United States Supreme Court and the Georgia Supreme Court *require strict compliance with the administrative requirements* of wiretap warrant statutes and specifically reject the requirement that the defendant must show harm or prejudice. Therefore, the harmless error doctrine cannot be applied in such cases. See *United States v. Rios*, 495 U. S. 257, 260 (110 SC 1845, 109 LE2d 224) (1990) (whether tapes bearing seals required suppression as seals not attached immediately as required by 18 USC § 2518 (8) (a)) and *King v. State*, 262 Ga. 147 (414 SE2d 206) (1992) (State required to show strict compliance rather than substantial compliance with requirements of 18 USC § 2518 (8) (a).). Like the federal statute, Georgia law requires the exclusion of evidence obtained in violation of the mandates for obtaining wiretap evidence. OCGA § 16-11-67.

The use of the word "obtained" in OCGA § 16-11-67 necessarily requires that it include the "gathering" of the evidence, as well as the preservation of the evidence prior to its introduction at trial. This is necessary to protect the State and the public against the tampering, alteration, or destruction of such evidence or even the allegation of same. Therefore, because of the officer's failure to follow the mandates of the preservation of such evidence, it must be suppressed. *Dobbins v. State*, 262 Ga. 161 (2) (415 SE2d 168) (1992); *Duncan v. State*, 259 Ga. 278 (379 SE2d 507) (1989).

DECIDED JULY 15, 1994 —
RECONSIDERATION DENIED JULY 29, 1994 — ▉▉▉▉▉▉▉▉

*Crabbe & Clarke, W. Wyatt Clarke*, for appellant.
*Stephen F. Lanier, District Attorney, Lisa W. Pettit, Assistant District Attorney*, for appellee.