## S94G1791. WILLIAMS v. THE STATE.
(457 SE2d 665)

BENHAM, Presiding Justice.

Williams's conviction for drug offenses depended in part on evidence developed from information gathered with a pen register. She based her motion to suppress that evidence on the provision in OCGA § 16-11-67 making inadmissible any evidence obtained in violation of the statutes controlling electronic surveillance. On appeal, the Court of Appeals held that although the issuing judge did not keep custody of the application for the warrant, and the officer executing the warrant did not return it within 30 days, requirements set forth in OCGA § 16-11-64 (b) (5), (6), the trial court correctly denied the motion to suppress because Williams showed no prejudice arising from the noncompliance with the statute and because the administrative procedures for safeguarding documents were unconnected with obtaining the evidence. *Williams v. State,* 214 Ga. App. 280 (1) (447 SE2d 676) (1994). We granted Williams's petition for certiorari to consider whether failure to comply strictly with the statutorily imposed administrative requirements demanded exclusion of the evidence. Although we disagree with the narrow scope the Court of Appeals gave to the word "obtained," we agree with the Court of Appeals that the absence of prejudice in this case authorized the denial of the motion to suppress.

1. The Court of Appeals held that since the statutory exclusion applies only to evidence "obtained" in violation of the electronic surveillance statutes, and since "the statutory provisions in issue in the instant case set forth procedures for safeguarding certain documents, and are unconnected with the actual obtaining of the evidence," id. at 281, the exclusionary provision of the statute is inapplicable to this case. If that were so, however, noncompliance with administrative requirements could never require suppression of evidence, despite prejudice to the defendant. The view expressed in the dissent to the Court of Appeals' opinion is better-reasoned: to protect against tampering, alteration, or destruction of evidence, and against allegations of such conduct, "obtained" necessarily includes both the gathering and the safeguarding of the evidence. Id. at 283. We agree with that view and note further that the administrative requirements involved in this case relate directly to the safeguarding of both the privacy in-

terests of Georgia citizens and the integrity of the evidence gathering process. We disapprove, therefore, the holding by the Court of Appeals that the exclusionary provision cannot apply to violations of administrative requirements.

2. Though the statutory exclusionary provisions do apply to violations of administrative requirements, the Court of Appeals was correct in noting that *Gonzalez v. State,* 175 Ga. App. 217 (333 SE2d 132) (1985), applying the same exclusionary rule, authorizes the denial of a motion to suppress when a failure to comply strictly with the administrative requirements associated with electronic surveillance warrants does not result in prejudice to the defendant. In *Gonzalez,* as in this case, the failure to make a timely return of the warrant did not affect either the quality or quantity of the evidence. Similarly, the failure of the judge who issued the warrant in the present case to maintain custody of the originals of the application for the warrant and its supporting documents did not affect the gathering or the safeguarding of evidence. When this court held in *Ellis v. State,* 256 Ga. 751 (2) (353 SE2d 19) (1987), that a pen register is a device within the meaning of the Georgia statutes regulating electronic surveillance and that a warrant must issue for the use of a pen register, the chief concern was to protect the citizens of Georgia from invasions of privacy. This court still holds that concern and adheres to the holding in *Ellis* and the principles behind it. But there was no showing in the present case of any prejudice to Williams's privacy interest resulting from the noncompliance with administrative requirements. That being so, we agree with the Court of Appeals that the noncompliance with the statutorily established administrative procedures in this case did not require suppression of the evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 30, 1995 —
RECONSIDERATION DENIED JUNE 23, 1995.

*Crabbe & Clarke, Danny W. Crabbe, W. Wyatt Clarke,* for appellant.

*Stephen F. Lanier, District Attorney, Lisa W. Pettit, Assistant District Attorney,* for appellee.

*John C. Pridgen, District Attorney from Cordele Circuit, J. David Fowler,* amici curiae.