A95A1268. THE STATE v. ANDERSON et al.
(463 SE2d 34)

BIRDSONG, Presiding Judge.

The State has taken a direct appeal under OCGA § 5-7-1 of the trial court's order excluding evidence obtained by electronic surveillance because the evidence later was the subject of an unauthorized publication. Anderson and other co-defendants were allegedly involved in a bookmaking/gambling operation. The State properly obtained authorization to conduct electronic surveillance of the defendants' telephones and allegedly obtained information showing that Anderson and the others were participating in unlawful gambling operations. During the investigation, a DeKalb County police officer requested the assistance of an IRS agent in analyzing the materials obtained during the electronic surveillance.

Subsequently, Anderson and the others moved to suppress the information obtained in the electronic surveillance because the information was improperly published to the IRS agent contrary to OCGA § 16-11-64 (b) (8). The trial court granted this motion because it found that the State allowed the IRS agent to listen to the tapes and the IRS agent then used the information obtained to prepare a separate, unrelated tax assessment against one of the co-defendants. The State then filed a direct appeal. Anderson and other defendants concerned with the appeal have filed a motion to dismiss the State's appeal because they contend the ruling by the trial court is not subject to direct appeal. *Held*:

1. The initial consideration is this Court's jurisdiction to consider the State's appeal. Anderson and the co-defendants contend this Court is without jurisdiction because the State has filed an unauthorized direct appeal. The basis for the motion is that the trial court considered their motion to suppress as a motion in limine and granted it not because the evidence was improperly seized, but because the evidence was improperly disclosed. Consequently, they contend this case does not fall within the category of cases in which the State is

authorized to file a direct appeal.

Under our law, the State is authorized to appeal in five specific instances; only one of those instances is applicable here. Under OCGA § 5-7-1 (4) the State is authorized to appeal an order, decision, or judgment sustaining a motion to suppress evidence that is illegally seized. Of course, our Supreme Court has construed this provision to allow the State to appeal the grant of a defendant's pre-trial motion, whatever the name of the motion, to exclude evidence because it was obtained in violation of law. *State v. Strickman*, 253 Ga. 287, 288 (319 SE2d 864). The purpose of this rule is to allow errors that might work miscarriages of justice to be corrected on appeal. Id.

In this appeal, however, Anderson contends that *State v. Strickman* is inapplicable because the trial court did not exclude the evidence because it was *obtained* in violation of the law. Instead, he maintains the appeal should be dismissed because the trial court excluded the evidence because it was *disclosed* in violation of the law. In the context of this appeal, however, we find this distinction without meaning. In an appeal concerning OCGA § 16-11-67 (admissibility of evidence obtained in violation of part), our Supreme Court held that "to protect against tampering, alteration, or destruction of evidence, and against allegations of such conduct, 'obtained' necessarily includes both the gathering and the safeguarding of the evidence." *Williams v. State*, 265 Ga. 471 (457 SE2d 665).

We find no reason to treat "obtained" in *State v. Strickman*/OCGA § 5-7-1 (4) differently from "obtained" in the OCGA § 16-11-64 (b)/OCGA § 16-11-67 context. The basis for excluding this wiretap evidence was that it was disclosed in violation of the law under which the evidence was obtained. In this sense, OCGA § 16-11-64 (b) authorizes the interception of wire or oral transmissions by law enforcement officers only under certain conditions. One of these conditions is that there shall be no publication of the information obtained "other than that necessary and essential to the preparation of and actual prosecution for the crime specified in the warrant." OCGA § 16-11-64 (b) (8). Any violation of this non-publication rule renders the wiretap an invasion of privacy and causes the "evidence and information to be inadmissible in any criminal prosecution." Id. Under these circumstances, a violation of this non-publication rule violates the conditions under which the wiretap was obtained and renders the information obtained in the wiretap inadmissible because it was illegally obtained insofar as the evidence or information that was illegally published is concerned. See *Ledesma v. State*, 251 Ga. 885, 889 (311 SE2d 427).

As this appeal requires the trial court to consider whether the evidence the defendants sought to exclude was obtained in accordance with the law under which it was obtained, it is not an appeal in which the State seeks to challenge the trial court's exclusion of evi-

dence under the general rules of evidence (see *State v. Brown*, 185 Ga. App. 701, 702 (365 SE2d 865)) nor a challenge to the trial court's exercise of authority to preserve the integrity of the evidence. *State v. McKenna*, 199 Ga. App. 206, 207 (404 SE2d 278). Therefore, we are satisfied that this appeal meets the criteria established in *State v. Strickman* and that we have jurisdiction to consider the merits of this appeal. *State v. Peters*, 213 Ga. App. 352, 354 (444 SE2d 609). Accordingly, the motion to dismiss the appeal is denied.

2. The State contends the trial court erred by granting Anderson's motion in limine because there was no unauthorized disclosure. Here, the State maintains the IRS agent was really a State agent, who was assisting the State prosecution of these defendants. See *Waller v. State*, 251 Ga. 124 (303 SE2d 437), rev'd on other grounds, 467 U. S. 39 (104 SC 2210, 81 LE2d 31). Further, under our law disclosure of evidence by one law enforcement agency to another is permissible (*King v. State*, 200 Ga. App. 801 (409 SE2d 865), rev'd on other grounds 262 Ga. 147 (414 SE2d 206)), and in particular this Court has permitted disclosure of such information by state law enforcement officers to an agent of the IRS. *Ayers v. State*, 181 Ga. App. 244, 248 (351 SE2d 692). Appellees maintain, however, that the tax assessment shows that the IRS agent was not working as an agent of the State.

We find no support for appellees' position. The evidence shows that the IRS agent was assisting state law enforcement officers in their investigation generally, and specifically assisted the State through listening to the tapes of intercepted conversations and identifying the voices of other bookmakers. Consequently, even though the agent may have acted solely as an IRS agent in preparing a tax assessment, at the time the wiretap evidence was disclosed to him he was acting as an agent of the State. Accordingly, we find that the trial court erred by holding that the IRS agent's listening to the wiretaps was an unauthorized disclosure of the information. Thus, although we cannot reverse a trial court's finding of fact unless it is clearly erroneous (*Vansant v. State*, 264 Ga. 319 (443 SE2d 474)), our decision in this case is a reversal of the trial court's decision on the legal question whether allowing an IRS agent to listen to the tapes constitutes a violation of OCGA § 16-11-64 (b) (8).

The trial court's order suppressing the information obtained in the wiretap is reversed.

*Judgment reversed. Johnson and Smith, JJ., concur.*

Decided October 3, 1995 — ▮▮▮▮▮▮▮▮

J. Tom Morgan, *District Attorney*, Gregory J. Lohmeier, *Assistant District Attorney*, for appellant.

*Steven T. Maples, Victoria D. Little*, for appellees.