## S96G0229. ANDERSON v. THE STATE.

(475 SE2d 629)

HINES, Justice.

Certiorari was granted to review the opinion in *State v. Anderson,* 218 Ga. App. 643 (463 SE2d 34) (1995). We consider whether the Court of Appeals correctly applied OCGA § 5-7-1 (a) (4) in denying Anderson's motion to dismiss the State's appeal and whether it correctly applied OCGA § 16-11-64 (b) (8) to the facts of this case. We affirm in part and reverse in part.

The State obtained authorization to wiretap the telephone lines of Anderson and others for the alleged crimes of commercial gambling and communicating gambling information. During the investigation, a DeKalb County detective asked an Internal Revenue Service (IRS) agent to participate in the case. Information and evidence obtained as a result of the wiretaps were given to the IRS agent and subsequently disclosed to other IRS officials for the purpose of preparing tax assessments against Anderson and others.

Anderson moved to suppress the evidence obtained from the wiretaps on the basis that the taped conversations were published to the agent and republished to other IRS officials in violation of OCGA § 16-11-64 (b) (8). The trial court granted the requested suppression, after finding that the publication of the taped conversations to the IRS agent and the republication to other IRS officials were not "necessary and essential" to the prosecution of the alleged crimes.

The State appealed to the Court of Appeals, and Anderson moved to dismiss the appeal asserting that the trial court's order was not directly appealable. The Court of Appeals reversed, finding that the publication to the IRS agent was permitted under OCGA § 16-11-64 (b) (8), because the IRS agent was acting as an agent of the State when the information from the wiretaps was disclosed to him. It further concluded that the State was authorized to directly appeal from the trial court's ruling under OCGA § 5-7-1 (a) (4).

1. The State had a direct right of appeal under OCGA § 5-7-1 (a) (4).[1]

---

[1] OCGA § 5-7-1 (a) (4) authorizes the State to directly appeal "[f]rom an order, decision, or judgment sustaining a motion to suppress evidence illegally seized in the case of motions

OCGA § 16-11-64 (b) authorizes the interception of wire or oral transmissions by the State under specific conditions. Subsection (8) provides:

> Any publication of the information or evidence obtained under a warrant issued under this Code section other than that necessary and essential to the preparation of and actual prosecution for the crime specified in the warrant shall be an unlawful invasion of privacy under this part and shall cause such evidence and information to be inadmissible in any criminal prosecution.

Therefore, when an unauthorized publication occurs under OCGA § 16-11-64 (b) (8), it is a violation of a condition for "obtaining" the electronic surveillance warrant and renders the evidence illegal and inadmissible in a criminal prosecution. See *Williams v. State*, 265 Ga. 471 (1) (457 SE2d 665) (1995), which states that "obtained" in the context of OCGA § 16-11-67 includes not only the gathering of evidence but also its safeguarding.[2]

Here, the trial court granted suppression on the basis that the evidence was obtained in violation of OCGA § 16-11-64 (b) (8). Even under a strict construction of OCGA § 5-7-1 (a) (4), the State has a direct right of appeal where the trial court grants a pre-trial motion to exclude evidence on the ground that it was obtained illegally. *State v. Strickman*, 253 Ga. 287, 288 (319 SE2d 864) (1984). Compare *Berky v. State*, 266 Ga. 28 (463 SE2d 891) (1995), relied on by Anderson, which concluded that because the order appealed from involved the admissibility of a videotape under general rules of evidence, and not a defect in the accusation, the State did not have a direct right of appeal under a strict construction of OCGA § 5-7-1 (a) (1).[3]

2. The Court of Appeals failed to correctly apply OCGA § 16-11-64 (b) (8) to the facts of this case.

In reversing the trial court's determination to suppress, the Court of Appeals found that the IRS agent provided general assistance to the State during the course of the gambling investigation and specifically helped by listening to recordings of intercepted telephone conversations in an attempt to identify voices of bookmakers. Based on this, it concluded that "even though the agent may have acted solely as an IRS agent in preparing a tax assessment, at the

---

made and ruled upon prior to the impaneling of a jury."

[2] OCGA § 16-11-67 provides: "No evidence obtained in a manner which violates any of the provisions of this part shall be admissible in any court of this state except to prove violations of this part."

[3] OCGA § 5-7-1 (a) (1) authorizes the State to directly appeal "[f]rom an order, decision, or judgment setting aside or dismissing any indictment or accusation or any count thereof."

time the wiretap evidence was disclosed to him he was acting as an agent of the State. Accordingly, we find that the trial court erred by holding that the IRS agent's listening to the wiretaps was an unauthorized disclosure of the information." *Anderson*, supra at 645 (2). In so doing, the Court of Appeals failed to apply the statutory standard for determining whether disclosure of the taped conversations to the IRS agent was authorized.

OCGA § 16-11-64 (b) (8) limits the State's right to publish information obtained under an electronic surveillance warrant to those disclosures that are "necessary and essential to the preparation of and actual prosecution for the crime specified in the warrant . . . ." If a prohibited publication occurs, the section mandates that the published information cannot be admitted into evidence. Determining whether a publication is "necessary and essential" under OCGA § 16-11-64 (b) (8) necessitates a balancing of the State's interest in disclosing the information with the protection of the citizen's privacy. *Orkin v. State*, 236 Ga. 176, 189 (3) (223 SE2d 61) (1976). As stated in *Orkin*:

> The construction to be given the statute is rather what is reasonably necessary and essential to the preparation of and actual prosecution for a crime. What is reasonable will depend upon the facts of a given case and must necessarily rest in the controlled discretion of the district attorney, subject to review by the trial court. Where there is evidence to support the decision of a trial judge on motion to suppress evidence, that decision will not be disturbed on appeal. [Cits.]

Id.

Here, the trial court determined as a matter of fact that the disclosure of the intercepted telephone conversations to the IRS agent was for the purpose of aiding an IRS investigation and consequently that it was not necessary and essential for the preparation and actual prosecution of the crimes specified in the warrant, commercial gambling and communicating gambling information. Thus, the question was whether or not the trial court's ruling was clearly erroneous or without evidentiary support. Accord *Orkin*, supra at 189 (3). It was not.

In a motion to suppress,

> [t]he credibility of the witnesses and the weight to be accorded their testimony rest with the trier of fact, who is under no obligation to believe a witness, even in the absence of contradictory testimony. The factfinder may accept part of

a witness' testimony and reject another part, and "[i]n the absence of evidence of record demanding a finding contrary to the judge's determination, [the appellate] court will not reverse the ruling sustaining a motion to suppress. [Cit.]" [Cit.]

*State v. Williams*, 193 Ga. App. 462 (388 SE2d 55) (1989).

At the suppression hearing, the State argued that disclosure of the taped conversations to the IRS agent was for the purpose of interpreting the intercepted phone conversations. However, the witnesses were unable to provide documentation or specific instances where the IRS agent actually assisted in the preparation or the actual prosecution of the crimes specified in the warrant. Anderson asserted that disclosure of the tapes was made to the agent solely for the purpose of an IRS investigation and therefore disclosure was not necessary and essential to the prosecution at hand. The trial court, sitting as the trier of fact, weighed the testimony of the witnesses and rejected the State's asserted purpose for the disclosure. It concluded that the real motive for involving the IRS agent was to build an IRS case, not to investigate the crimes alleged in the warrant. Accepting this factual finding, as the appellate court must once it is found to be supported in the evidence, the conclusion that the disclosure was unauthorized must be upheld. *Orkin*, supra at 189 (3); *Dean v. State*, 250 Ga. 77, 80 (2) (a) (295 SE2d 306) (1982).

However, even had the trial court accepted the reasons articulated by the State for disclosing the telephone recordings to the IRS agent, the State made only the bare assertion that the agent's involvement was necessary for prosecution of its case. It made no evidentiary showing in this regard. Moreover, there is no basis for finding that the disclosure was authorized under OCGA § 16-11-64 (b) (8), as a matter of law. We readily recognize the need and importance for disclosure of information obtained from a wiretap to other law enforcement agencies where prosecution of the crime specified in the warrant reasonably requires it, but the mere fact that disclosure is made to another law enforcement agency for assistance or for the prosecution of *any crime* within its jurisdiction, does not abrogate the statutory requirement that the disclosure be reasonably necessary and essential to the preparation of and actual prosecution of the crime or crimes alleged in the warrant. OCGA § 16-11-64 (b) (8).[4] In

---

[4] Any language suggesting to the contrary in *King v. State*, 200 Ga. App. 801 (409 SE2d 865) (1991), reversed on other grounds, 262 Ga. 147 (414 SE2d 206) (1992); *Ayers v. State*, 181 Ga. App. 244 (351 SE2d 692) (1986); *Uhler v. State*, 180 Ga. App. 767 (350 SE2d 281) (1986); *Van Nice v. State*, 180 Ga. App. 112 (348 SE2d 515) (1986); and *Morrow v. State*, 147 Ga. App. 395 (249 SE2d 110) (1978), is unfounded.

*Waller v. State*, 251 Ga. 124, 128 (6) (303 SE2d 437) (1983), reversed on other grounds, 467 U. S. 39 (104 SC 2210, 81 LE2d 31) (1984), it was determined that disclosure of information obtained from a wiretap to other law enforcement agencies was permissible where the crimes specified in the warrant involved violations of the Georgia Racketeer Influenced & Corrupt Organizations (RICO) Act because it was reasonable for the trial court to find that the efforts of additional law enforcement agencies were essential and necessary to the prosecution of the crimes specified in the warrant. However, in this case, there was no showing that the crimes charged involved the type of criminal organization that reasonably required the assistance and expertise of the IRS in order to effect their prosecution. The trial court's determination must stand.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 23, 1996.

■ — ■

*Stephen T. Maples, Victoria D. Little, Bernard Knight,* for appellant.

*J. Tom Morgan, District Attorney, Gregory J. Lohmeier, Assistant District Attorney,* for appellee.